OPINION
{¶ 1} Defendant-appellant, Barbara Horton-Alomar, appeals from a judgment of the Franklin County Municipal Court denying her motion to withdraw her guilty plea. Because the trial court did not abuse its discretion in the denying the motion, we affirm that judgment.
 {¶ 2} On June 25, 2002, complaints were filed in the Franklin County Municipal Court against appellant, charging her with one count of domestic violence in violation of R.C. 2919.25(A) and one count of assault in violation of Columbus City Code ("C.C.") 2303.13. The charges alleged that appellant caused severe bruising to her nephew by repeatedly striking him with a belt. Appellant entered not guilty pleas to the charges and proceeded to a jury trial. On the day of trial, appellant attempted to enter an Alford plea to one count of parental neglect, a violation of C.C. 2319.31. The trial court accepted her plea as a guilty plea and found her guilty of parental neglect. Appellant and her counsel did not object to the plea or the finding of guilt. The trial court sentenced appellant to 30 days in prison but suspended that sentence after placing her on probation for one year. Appellant was also ordered to attend parenting classes and pay a $100 fine.
 {¶ 3} Ten months later, appellant filed a motion to withdraw her guilty plea. She claimed that her plea was not knowingly, voluntarily, or intelligently made and that the trial court failed to engage in a meaningful dialogue with her to determine the factual basis for her Alford plea. After a hearing, the trial court denied appellant's motion. The trial court determined that appellant did not enter an Alford plea because she did not make a protestation of innocence when she entered her plea. The trial court also determined that appellant failed to show that the denial of the motion to withdraw her guilty plea would result in manifest injustice.
 {¶ 4} Appellant appeals, assigning the following errors:
Assignment of Error No. 1:
An alford plea, entered pursuant [sic] north Carolina v. Alford (1970), 400 US. 25, by virtue of its very definition, is a protestation of innocence.
Assignment of Error No. 2:
When no factual basis for a criminal charge is made at the time that a defendant enters an alford plea, the trial court must grant a defendant's subsequent motion to withdraw that plea, in order to correct manifest injustice, pursuant to criminal rule 32.1.
Assignment of Error No. 3:
Where a criminal defendant is a police officer, a trial court violates her fifth amendment rights to the united states constitution where that court allows into the record evidence from an internal affairs proceeding and from a safety director's hearing, in violation of Garrity v. New Jersey, 385 U.S. 493 (1967).
 {¶ 5} Appellant's three assignments of error all concern the trial court's denial of her motion to withdraw her guilty plea. Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's motion to withdraw her guilty plea was filed after sentence was imposed, she must demonstrate manifest injustice. The burden of establishing the existence of manifest injustice is upon the individual seeking to vacate the plea. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 6} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. Id. at paragraph two of the syllabus. Therefore, this court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v.Peterseim (1980), 68 Ohio App.2d 211, 213. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. State v. Xie (1992), 62 Ohio St.3d 521, 527. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Widder,146 Ohio App.3d 445, 2001-Ohio-1521, at ¶ 6.
 {¶ 7} Appellant contends in her first assignment of error that the trial court erred when it did not accept her Alford plea. The state asserts that appellant failed to properly enter an Alford plea. We agree. A trial court may accept a guilty plea despite protestations of innocence when a factual basis for the guilty plea is evidenced by the record. North Carolina v. Alford (1970), 400 U.S. 25, 37-38, 91 S.Ct. 160, fn. 10. An Alford plea may not be accepted when the record fails to show facts upon which the trial court can resolve the apparent conflict between a defendant's claim of innocence and the defendant's desire to plead guilty to the charges. However, for a valid Alford plea to take place, appellant must enter a guilty plea and at the same time protest innocence. Id.; State v. Cutlip (June 18, 1998), Cuyahoga App. No. 72419; State v. Pate (Nov. 19, 1996), Hancock App. No. 5-96-12. The claim of innocence puts the trial court on notice that a factual basis for the plea must be established. Id.
 {¶ 8} Appellant did not protest her innocence when she entered her plea. When the trial court asked appellant for her plea to the charge of parental neglect, her counsel responded "It will be an Alford plea, Your Honor, stipulating that there are sufficient facts to accept the plea of parental neglect." When the trial court asked appellant if she wanted her jury waiver accepted, appellant answered affirmatively. At the end of the hearing, the trial court asked appellant if she had anything else to say, and she replied that she did not. At no time during the plea hearing did appellant or her counsel make a claim of innocence. In fact, appellant's counsel stated that this was "a very isolated situation not likely to occur in this woman's life."
 {¶ 9} Appellant contends the mere fact that her counsel said "Alford plea" on the record is a protestation of innocence. We disagree. This court has previously determined that counsel's characterization of a guilty plea as an Alford plea is insufficient absent a protestation of innocence or additional explanation. State v. Allen (May 21, 1998), Franklin App. No. 97AP-1119 (Memorandum Decision). Neither appellant nor her counsel asserted her innocence at the time she entered her plea or otherwise attempted to explain her plea. Absent such protestation or explanation, the trial court did not err when it failed to treat appellant's guilty plea as an Alford plea.
 {¶ 10} Next, we must determine whether the trial court substantially complied with Crim.R. 11 when it accepted appellant's guilty plea. Appellant pled guilty to parental neglect, a misdemeanor of the third degree punishable by a prison term not to exceed 60 days and a fine not to exceed $500. Because the charge is a petty offense as that term is defined in Crim.R. 2(D), the trial court must substantially comply with the provisions of Crim.R. 11(E) before accepting defendant's guilty plea. City of Columbus v. Simmons (Dec. 28, 1999), Franklin App. No. 99AP-310. Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." A trial court substantially complies with Crim.R. 11(E) by notifying the defendant of both the maximum penalties that could result from the plea and the waiver of the right to a jury trial that results from the plea. Id.
 {¶ 11} When the trial court accepted her guilty plea, it informed appellant of the maximum penalties she faced and of the constitutional rights, including the right to a jury trial, she waived as the result of her plea. Appellant also signed a written waiver of her right to a jury trial and stated that she understood the right she was waiving and requested that the trial court accept her jury waiver. We find that the trial court substantially complied with the dictates of Crim.R. 11(E) when it accepted appellant's guilty plea. Therefore, appellant's first assignment of error is overruled.
 {¶ 12} In her second assignment of error, appellant contends the trial court erred when it denied her motion to withdraw her plea because it failed to conduct a factual inquiry into the basis for her plea at the time it was entered. As previously discussed, an Alford plea may not be accepted when the record is devoid of a basic factual framework against which the trial court can resolve the apparent conflict between the defendant's claim of innocence and the defendant's willingness to plead guilty. Alford, supra; Pate, supra. Here, however, because we have held that appellant did not enter a valid Alford plea, there was no requirement that the trial court establish a factual basis for appellant's plea. State v. Najeeullah (Oct. 3, 1996), Cuyahoga App. No. 70126. Appellant's second assignment of error is overruled.
 {¶ 13} By her third assignment of error, appellant contends the trial court improperly admitted evidence from the Columbus Police Department's Internal Affairs Bureau as well as her own testimony from a hearing in front of the Director of the Department of Public Safety in contravention of Garrity v. New Jersey (1967), 385 U.S. 493, 87 S.Ct. 616. Even if we assume the trial court erred by admitting this evidence,[1] we must consider whether appellant was prejudiced by the error or whether the error was harmless. State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, at ¶ 8; State v. Gonzalez, 154 Ohio App.3d 9, 2003-Ohio-4421, at ¶65. Under the harmless error rule, a judgment will not be reversed when the error does not affect substantial rights of the defendant. Crim.R. 52(A). This language has been interpreted to mean that the error must have been prejudicial. Fisher, at ¶ 7. To be prejudicial, an error must have affected the outcome of the proceedings. Id.
 {¶ 14} Any error in admitting this evidence did not affect the outcome of the proceeding and, thus, did not prejudice appellant because the trial court expressly stated that it did not rely on appellant's statements during her disciplinary proceedings. Additionally, the trial court did not reference any such statements or testimony in its decision, other than to disavow its reliance on those statements or testimony. Accordingly, any error the trial court may have committed in admitting such evidence did not prejudice appellant and is harmless because the trial court did not take such evidence into consideration in rendering its decision. Appellant's third assignment of error is overruled.
 {¶ 15} Appellant's three assignments of error are overruled. Because appellant has failed to demonstrate that the trial court abused it discretion when it overruled appellant's motion to withdraw her guilty plea, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Brown, P.J., and Lazarus, J., concur.
[1] Although for purposes of our analysis we assume error, we note thatGarrity is distinguishable from the facts in this case. Garrity involved police officers who, under fear of losing their jobs, made statements during an investigation into the fixing of traffic tickets. The police officer's statements were later used against them in a subsequent criminal proceeding. The United States Supreme Court found that these statements could not be used against the officers in the subsequent criminal proceedings because the statements were coerced. Appellant's statements or testimony in this case were not used against her in a subsequent criminal proceeding but in a post-conviction hearing to withdraw her guilty plea.