OPINION
{¶ 1} Defendant-appellant, Jack M. Raymond, Jr. ("appellant"), appeals his convictions on two counts of robbery in violation of R.C. 2911.02, following a trial held in the Franklin County Court of Common Pleas. Appellant assigns no errors involving the trial or sentencing process; his appeal challenges only the trial court's decision to reject appellant's pretrial tender of an Alford plea to a lesser charge.
 {¶ 2} On May 5, 2005, the Franklin County Grand Jury indicted appellant on one count of robbery, a felony of the second degree; one count of robbery, a felony of the third degree; and one count of kidnapping in violation of R.C. 2905.01, a felony of the first degree. Apparently appellant had also been indicted for forgery, a fifth degree felony, in a separate case. The robbery and kidnapping case was scheduled for trial on August 25, 2005. On that date, defense counsel told the court, "I want to indicate, the State has offered a felony four in the robbery case 05-2909 and a misdemeanor in the forgery case, which is 05CR-4205. Mr. Raymond is turning that offer down over my strenuous objection and proceeding to trial on the robbery case." (Tr. 3.) Following a recess, defense counsel again addressed the court, saying "Your Honor, at this time, Mr. Raymond would like to avail himself of the offer. The State is still extending it." (Id.) Counsel for plaintiff-appellee, State of Ohio ("appellee"), confirmed that the agreement was indeed being offered. He stated, "Felony four attempted robbery. And there is a second case which case had been discussed as a misdemeanor. It's a forgery. * * * It's a Whitehall forgery, F-5." (Tr. 4.)
 {¶ 3} Appellee then set forth on the record the precise terms of the plea agreement, including its request that the court enter a nolle prosequi as to certain counts. The court then discharged its duty under Crim.R. 11(C)(2) as follows: the court ascertained whether appellant's plea was voluntary and whether he understood the nature of the charges and the maximum penalty involved; informed appellant of and determined that he understood the effect of the plea; and informed appellant and determined that he understood that by the plea he was waiving the rights to jury trial, to confront witnesses, to have compulsory process for obtaining witnesses, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself.
 {¶ 4} The trial court then asked appellee to recite the facts. The prosecutor told the court:
For the attempted robbery, this occurred on April 6, 2005, 81 North Hampton Road, Franklin County, Ohio. The victim Atherlee Reeves was confronted by a co-defendant, Renee, Renee Wiley. And while Ms. Wiley punched her and took her money, the defendant here blocked the door and encouraged Renee Wiley to keep taking the victim's money.
On the forgery, December 11, 2004, 3675 East Broad Street, Franklin County, Ohio, Whitehall police officers saw Joseph Ewing, a co-defendant, try and cash a stolen check of Shantaya Ussury. They followed him to a car where Jack Raymond was sitting in the passenger seat. They took Joseph into custody. They took Jack Raymond into custody. Outside on the ground where Jack was sitting were three more blank checks with Shantaya Ussury. That occurred in Franklin, County State of Ohio.
(Tr. 13-14.)
 {¶ 5} Defense counsel told the court that the defense had no exceptions to the prosecutor's statement of the facts. After the court solicited comments from attorneys for both parties with respect to sentencing, the court again addressed appellant, and the following colloquy took place:
THE COURT: Mr. Raymond, any comments you have? Anything you want to say for purposes of sentencing?
THE DEFENDANT: No, sir.
THE COURT: I mean, you have some reluctance about going through this thing.
THE DEFENDANT: Yeah, I did. I did. I just feel because I got a few numbers up under my belt I didn't have a chance regardless if I was right or wrong. And I honestly feel that in my heart —
THE COURT: I'm sorry?
THE DEFENDANT: Honestly feel that in my heart because I got a couple of numbers up under my belt that I just max'd out 15 years last year and because of my record, because of my record, I feel that I didn't have — even if I didn't do anything, I know I didn't, that I didn't have no shot at this at all.
THE COURT: Are you telling me you didn't do anything wrong?
THE DEFENDANT: No, I didn't.
THE COURT: I'm not going to accept your plea, Mr. Raymond. We are going to go on with the trial. I don't accept pleas from people that don't think they did anything wrong.
Let's bring the jurors in.
(Tr. 14-15.)
 {¶ 6} Thereupon, the jury was impaneled and the case was tried on the charges in the indictment. The jury found appellant guilty of both counts of robbery and was unable to reach a verdict on the kidnapping count. Appellee declined the opportunity to retry appellant on the kidnapping charge. The court merged the two robbery counts for purposes of sentencing and sentenced appellant to a four-year term of imprisonment. Appellant timely appealed and advances a single assignment of error for our review, as follows:
The trial court's (sic) abused its discretion in refusing to accept Appellant's Alford plea.
 {¶ 7} Appellant acknowledges that trial courts have a measure of discretion in deciding to accept or reject tendered guilty pleas, but argues that the judge must seriously consider accepting the tendered plea and must actually exercise his discretion, rather than employing a blanket policy of not accepting guilty pleas "from people that don't think they did anything wrong." Appellant points out that the court had already ascertained that appellant understood his rights and was entering his plea knowingly and voluntarily. Moreover, appellant had explained that he was making a rational and intelligent decision to enter his plea, despite maintaining his innocence, in order to resolve both the present case and a separate forgery case rather than face a potentially much harsher punishment if convicted of both robbery counts and the kidnapping count.
 {¶ 8} In response, appellee argues that this court must respect a trial court's decision, in the exercise of its discretion, to reject an otherwise voluntary guilty plea, because the public has a right to expect that a person who pleads guilty to resolve a criminal prosecution will not be able to later claim that he was innocent all along. Moreover, appellee argues, a defendant such as appellant, who unsuccessfully attempts to plead to a lesser offense and is later convicted of the charges in the indictment should not be permitted to have a second chance to plead guilty to a lesser offense or to utilize the other advantages he enjoyed as a defendant who has been accused but not yet convicted.
 {¶ 9} Under Crim.R. 11(A), a defendant can enter the following pleas: (1) not guilty; (2) not guilty by reason of insanity; (3) guilty; or (4) with the consent of the court, no contest. In North Carolina v. Alford (1970), 400 U.S. 25,91 S. Ct. 160, 27 L. Ed. 2d 162, the United States Supreme Court validated what has become commonly known as an "Alford plea," whereby a defendant pleads guilty yet maintains actual innocence of the charges. A trial court may accept a guilty plea despite a protestation of innocence if strong evidence of guilt substantially negates the defendant's claim. Id. at 37-38. In order to constitute a valid Alford plea, the plea of guiltymust be accompanied by the defendant's protestation of innocence. State v. Horton-Alomar, 10th Dist. No. 04AP-744,2005-Ohio-1537. A defense counsel's characterization of a guilty plea as an Alford plea, even if on the record, is insufficient absent a protestation of innocence by the accused. Ibid.
 {¶ 10} But an Alford plea is merely a species of guilty plea. State v. Smith (June 1, 2000), 10th Dist. No. 99AP-846, citing State v. Carter (1997), 124 Ohio App.3d 423,429, 706 N.E.2d 409. A criminal defendant does not have an absolute right under the United States Constitution to have his guilty plea accepted by the court. North Carolina v. Alford
(1970), 400 U.S. 25, 38, 91 S. Ct. 160, 27 L. Ed. 2d 162, n. 11. In felony cases Ohio trial courts may refuse to accept a plea of guilty. Crim.R. 11(C)(2). The decision whether to accept or reject a guilty plea is within the sound discretion of the trial court. State v. Moss (Aug. 9, 1977), 10th Dist. No. 77AP-267. Thus, the decision to accept or reject an Alford plea will not be reversed absent an abuse of that discretion.
 {¶ 11} In this case, the trial court gave no reason for refusing to accept appellant's tendered plea other than a blanket policy of not accepting "pleas from people that don't think they did anything wrong." Under these circumstances, the trial court's refusal to accept appellant's plea was an abuse of discretion, or more precisely, it was a refusal to exercise the court's discretion. The trial court arbitrarily refused to consider the facts and circumstances presented, "but instead relied on a fixed policy established at its whim." State v. Graves (Nov. 19, 1998), 10th Dist. No. 98AP-272, 1998 Ohio App. LEXIS 5608, at *9, quoting Carter, supra, at 428. The Graves court held, "[a]lthough the trial court has the discretion to refuse to accept a no-contest plea, it must exercise its discretion based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their circumstances."Graves, supra, at *10. Applying Graves to the instant case, when the trial court used an overarching policy instead of its own discretion based on the particular circumstances and issues presented in this case, it abused its discretion.
 {¶ 12} Reversal is warranted because the court's failure to accept the tendered plea prejudiced appellant insofar as his stated reason for attempting to enter a plea to a lesser offense was to avoid the harsher consequences that a jury's guilty verdicts might bring. In fact, appellant was convicted of both counts of robbery and sentenced to four years in prison, whereas he would have faced a maximum sentence of 18 months on the fourth degree felony attempted robbery to which he intended to plead guilty.
 {¶ 13} This court has refused to disturb a trial court's rejection of a guilty plea when it is apparent that the decision was based upon the facts and circumstances of the particular case. In State v. Moss (Aug. 9, 1977), 10th Dist. No. 77AP-267, we found no abuse of discretion when the trial court rejected the defendant's tendered guilty plea after the defendant's version of the facts indicated that he had a potentially valid defense to the charges. In that case, the defendant, who had agreed to plead guilty to a reduced charge of petit theft in connection with stealing a tire from an automobile, told the court that he took the tire because his neighbor, who owned the vehicle, had asked him to change the tires as a favor. The court refused to accept the defendant's guilty plea and told the defendant, "what you ought to do is have a trial, because that's not a criminal offense." It was clear from the record in Moss that the trial court had a particularized reason, based on the circumstances presented in that case, for rejecting the defendant's plea.
 {¶ 14} In State v. Pearce (May 6, 1993), 10th Dist. No. 92AP-1761, we found no abuse of discretion when the trial court refused to accept the defendant's tendered Alford plea to one count of attempted gross sexual imposition when the original indictment contained two counts of kidnapping and two counts of gross sexual imposition and alleged that the defendant had restrained two minor children of their liberty in order to engage in sexual activity with each girl against her will, and had in fact engaged in such sexual activity. The court of appeals specifically noted that after a recess taken following the defendant's tender of his plea, the prosecution requested to withdraw the plea offer because, the prosecution indicated, the offer had been made out of fear that the victims would not appear to testify, but they had in fact honored their subpoenas and had expressed the wish that the trial go forward. Moreover, it was clear, from the words the trial judge stated on the record, that the judge was deeply troubled by the extreme reduction in the charges. We held that given all of those circumstances it was not an abuse of the court's discretion to reject the tendered plea.
 {¶ 15} In the present case, unlike in Moss and Pearce,
nothing in the transcript of the plea hearing indicates that the trial court based its decision to reject appellant's plea on anything pertaining to the facts and circumstances of appellant's case; rather, the court apparently based its decision solely on a blanket policy. This refusal to exercise discretion, as it was inGraves, was reversible error.
 {¶ 16} Based on the foregoing, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed insofar as the court rejected appellant's Alford plea based on a blanket policy to reject such pleas, and this cause is remanded to that court to reexamine appellant's Alford plea in accordance with the law set forth in this opinion. Should the court, consistent with that law, determine not to accept appellant's tendered plea, the jury verdict and judgment in this matter are reinstated as the judgment of the trial court without the need for a second trial.
Judgment reversed; cause remanded.
Bryant and Brown, JJ., concur.