OPINION
{¶ 1} Defendant-appellant Nathaniel Grega appeals from his conviction and sentence, following a jury trial, on one count of Complicity to Commit Robbery. Grega contends that his trial counsel was ineffective for having failed to assert a failure of proof on the issue of venue, and that the trial court abused its discretion in refusing to permit him to accept a plea bargain, offered by the State after both parties had rested, and *Page 2 
before closing arguments to the jury.
 {¶ 2} We conclude that the record fails to establish that Grega was prejudiced by his trial counsel's failure to have raised the issue of venue. It seems reasonably likely that, had trial counsel raised the issue, the State would simply have obtained leave of the trial court to recall a witness to establish venue.
 {¶ 3} We agree with Grega, however, that the trial court abused its discretion in refusing to permit him to accept the plea bargain offered by the State. It appears from the record that the trial court refused permission solely because Grega "still thinks he's innocent." In our view, this is not a sufficient reason to decline to accept a plea bargain to which both parties have agreed.
 {¶ 4} The judgment of the trial court is Reversed. This cause is Remanded for further proceedings, which shall include the trial court's reconsideration of the plea bargain to which both parties had agreed.
 I {¶ 5} Grega was charged by indictment with Complicity to Commit Robbery. He was alleged to have been an accomplice with Kizzy Holley, who was charged in the same indictment with the robbery of a Kmart store on Derr Road in November, 2006. Holly pled guilty, was available to testify against Grega, and did testify against Grega at his trial.
 {¶ 6} The State had offered to let Holly plead guilty in exchange for a reduction in the degree of the felony, and an agreed sentence of one year. Before Grega's trial, the State made the same offer to Grega, but that offer expired, by its terms, on Monday, *Page 3 
January 22, 2007, Grega having failed to accept it.
 {¶ 7} Grega was tried by a jury on Wednesday, January 24, 2007. After both sides had rested, but before closing arguments, a new plea agreement was worked out between the parties, wherein Grega would plead guilty as charged, and the State would agree to a sentence of four years imprisonment. As this plea was being taken on the record, the trial court announced its unwillingness to proceed with the plea, the jury was brought in, closing arguments were made, jury instructions were given, the jury deliberated, and returned a verdict of guilty, as charged.
 {¶ 8} Grega was sentenced to eight years imprisonment. From his conviction and sentence, Grega appeals.
 II {¶ 9} Grega's First Assignment of Error is as follows:
 {¶ 10} "THE DEFENDANT WAS DENIED A FAIR TRIAL AS HIS TRIAL ATTORNEY WAS INEFFECTIVE."
 {¶ 11} Grega contends that his trial counsel was constitutionally ineffective for having failed to raise as an issue, "after the close of State's case against Mr. Grega," the absence of any proof of venue — that is, that the alleged offense occurred within Clark County, Ohio, where the charge was indicted and tried.
 {¶ 12} Grega acknowledges that ineffective assistance of counsel, as a basis for reversal on appeal, requires a showing that trial counsel's "performance fell below an objective standard of reasonable representation, and that the defendant was prejudiced thereby," citingState v. Norton (December 11, 1998), Greene App. No. 97 CA 112. A *Page 4 
showing of prejudice requires a demonstration "that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different." Id., citing State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 13} We are not satisfied that this record demonstrates that there is a reasonable probability that the result of Grega's trial would have been different had his trial counsel raised the issue of a failure of proof as to venue after the State had rested. There is a Derr Road in Clark County, and there is nothing in the record to suggest that the alleged offense did not, in fact, occur within Clark County. Therefore, had trial counsel brought to the attention that there was a failure of proof of venue, it seems likely that the State would have asked, and the trial court would have granted, permission to re-open its case, recall one of its witnesses, and elicit testimony that the Kmart on Derr Road where the robbery occurred was, in fact, within Clark County.
 {¶ 14} Even if Grega's trial counsel's failure to have raised the venue issue after the State rested is deemed to have constituted performance falling below an objective standard of reasonable representation, we conclude that this record fails to demonstrate the prejudice prong of the requirement for reversal on the basis of ineffective assistance of trial counsel. Grega's First Assignment of Error is overruled.
 III {¶ 15} Grega's Second Assignment of Error is as follows:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT ABUSED ITS DISCRETION AND FAILED TO ALLOW DEFENDANT'S PLEA DUE TO DEFENDANT'S PROTESTATION OF INNOCENCE." *Page 5 
 {¶ 17} It is well-established that even a defendant who believes he is innocent may accept a plea bargain and plead guilty or no contest if he determines that it is in his best interest to do so, presumably because he fears that he will be convicted and suffer a worse punishment should he exercise his right to go to trial. North Carolina v. Alford (1970),400 U.S. 25. On the other hand, as Grega notes, a trial court is invested with some discretion in deciding whether to accept a guilty plea.
 {¶ 18} But the discretion that the trial court has whether to accept a guilty plea is not absolute. A trial court's blanket policy of refusing to accept a defendant's guilty plea where the defendant is nevertheless maintaining his innocence — i.e., for the reason that he continues to maintain his innocence, and for that reason alone — has been deemed to constitute an abuse of discretion. State v. Raymond (June 27, 2006),2006-Ohio-3259, Franklin App. No. 05AP-1043.
 {¶ 19} In the case before us, the trial court was informed of a plea agreement between the parties after both parties had rested, and before closing arguments. In the ensuing colloquy, Grega attempted to take advantage of the earlier, more advantageous plea offer that had been made to him, claiming that he had been prevented from accepting it within the time allowed. When that was unsuccessful, the trial court continued with the plea colloquy:
 {¶ 20} "THE COURT: Is anyone threatening you to get you to enter this guilty plea?
 {¶ 21} "THE DEFENDANT: No.
 {¶ 22} "THE COURT: Are you pleading guilty voluntarily of your own free will?
 {¶ 23} "THE DEFENDANT: They say if I don't take the four years, I'm going to *Page 6 
get a maximum eight years.
 {¶ 24} "THE COURT: That's not true. You may be found not guilty.[1]
Is anybody making you plead guilty right now, or are you doing it because you want to-
 {¶ 25} "THE DEFENDANT: I'm doing it because the Court's not submitting the camera, the video surveillance camera, of the store. If they would submit that even it was today, it would clearly show there is video surveillance of the entrance.
 {¶ 26} "THE COURT: Let's bring the jury in for our closing arguments.
 {¶ 27} "MR. LAMB [representing the State]: That's fine.
 {¶ 28} "THE COURT: Defendant still thinks he's innocent."
 {¶ 29} In our view, the record of this exchange demonstrates that the sole reason the trial court rejected Grega's guilty plea, pursuant to the plea agreement of the parties, is because it was accompanied by a protestation of innocence. This was the sole reason offered by the trial court for rejecting the proffered plea. We conclude that this was an abuse of discretion.
 {¶ 30} In Alford, supra, the United States Supreme Court stated that "while most pleas of guilty constitute a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of a criminal penalty. An individual may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. 37. The issue the court must determine when a *Page 7 
proffered guilty or no contest plea is accompanied by a defendant's protestations of innocence is whether the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." Id.
 {¶ 31} The State argues that State v. Raymond, supra, is distinguishable because in this case, unlike in Raymond, the trial court has not expressed a blanket policy of never accepting an Alford plea. But the principle underlying State v. Raymond, with which we agree, is that the mere fact that a proffered guilty plea is accompanied by a protestation of innocence, without more, is not a sufficient reason for rejecting a plea. As the State notes in its brief, Grega "suddenly realized after the presentation of the state's case that his girlfriend was going to, and did, testify against him to devastating effect." Grega also concluded, not unreasonably, that he would receive the maximum, eight-year sentence if were to reject the plea offer and let the jury decide his fate. This put him in the classic position of anAlford defendant who calculates that his self-interest militates in favor of accepting a plea bargain, despite a protestation of innocence.
 {¶ 32} If there is a sound reason for rejecting Grega's proffered guilty plea, it is not apparent from this record. It appears, to the contrary, that the trial court based its rejection of Grega's plea solely upon Grega's protestation of innocence. This was an abuse of discretion. Grega's Second Assignment of Error is sustained.
 IV {¶ 33} Grega's Second Assignment of Error having been sustained, and his First Assignment of Error having been overruled, the judgment of the trial court is Reversed, *Page 8 
and this cause is Remanded for further proceedings, which should include reconsideration of the plea bargain agreed to between the parties and the guilty plea proffered by Grega pursuant to that plea bargain.
GRADY and DONOVAN, JJ., concur.
[1] We note in passing that Grega could be forgiven for construing this remark by the trial court as an implication that if he were to be found guilty by the jury, he would, in fact, receive the maximum, eight-year sentence. *Page 1