[Cite as *State v. Tyner*, 2012-Ohio-2770.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97403

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURY TYNER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539001

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 21, 2012

**ATTORNEY FOR APPELLANT**

David K. Greer
1150 Morse Road
Suite 230
Columbus, Ohio   43229-6327

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    James M. Rice
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}    Maury Tyner appeals from his sentence imposed in the Cuyahoga County Court of Common Pleas.   Tyner argues that the trial court failed to perform the required inquiry during the plea hearing, and that his trial counsel rendered ineffective assistance in recommending that he plead  guilty.   For the foregoing reasons, we affirm the judgment of the trial court.

{¶2}   On June 30, 2011, a Cuyahoga County Grand Jury returned a three-count indictment against Tyner charging him with felonious assault, kidnapping and domestic violence with prior conviction specifications.   During the pretrial proceedings, Tyner actively participated in his defense, filing numerous pro se motions and demanding to be present at all proceedings.   The defendant's dissatisfaction with his court-appointed counsel resulted in the trial court twice removing counsel and assigning new counsel each time.   Trial was scheduled to commence on March 21, 2011.   Prior to jury selection, Tyner, through counsel, engaged in plea negotiations with the state of Ohio, on the record.   On that same date, he ultimately pleaded guilty to the indictment as charged.

{¶3}   During the plea hearing, Tyner told the court that he felt that the jury would find him guilty despite his claim that he did not commit the acts charged.   The court then explained that Tyner needed to make the decision to plead guilty of his own free will and that by doing so, he would be admitting the truth of those same charges. Tyner responded that he understood.   The trial court accepted Tyner's plea of guilty to

felonious assault and domestic violence, as charged in the indictment. However, when the court reached the charge of kidnapping, Tyner stated "I plead not guilty to kidnapping. I'll go to the abduction." The trial court informed Tyner that such a plea was not an option, and that he could either plead to the indictment or proceed to trial. The court asked Tyner again, how he wanted to plead to count two, kidnapping, and Tyner stated "guilty." After each count, the court asked Tyner whether his plea of guilty was made knowingly, voluntarily and of his own free will and each time, Tyner responded in the affirmative.

{¶4} Immediately after accepting the plea, the trial court sentenced Tyner to three years on the charge of felonious assault, four years on the charge of kidnapping and four years on the charge of domestic violence with prior conviction specifications. The court ordered the prison terms to be served concurrently, for a total prison sentence of four years. Tyner appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶5} In his first assignment of error, Tyner argues that because he proclaimed his innocence during the plea hearing, the trial court erred in failing to perform an *Alford* inquiry and thus, his plea of guilty was not knowingly, intelligently or voluntarily given. In response, the state argues that this type of plea proceeding was never contemplated by the parties or the court, and that Tyner did plead guilty of his own free will. We find no merit to Tyner's argument.

{¶6} A trial court may accept a guilty plea despite protestations of innocence

when a factual basis for the guilty plea is evidenced by the record. *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This type of plea is called an *Alford* plea. *Id*. An *Alford* plea may not be accepted when the record fails to show facts upon which the trial court can resolve the apparent conflict between a defendant's claim of innocence and the defendant's desire to plead guilty to the charges. *State v. Horton-Alomar*, 10th Dist. No. 04AP-744, 2005-Ohio-1537. For a valid *Alford* plea to take place, the defendant must enter a guilty plea and at the same time protest innocence. *Id.* The claim of innocence puts the trial court on notice that a factual basis for the plea must be established. *Id.* "Implicit in any *Alford* plea is the requirement [that] a defendant actually state his innocence on the record when entering a guilty plea." *State v. Murphy*, 8th Dist. No. 68129, 1995 WL 517057 (Aug. 31, 1995).

{¶7} Nowhere during the plea colloquy did Tyner claim he was innocent of the charges. Further, after pleading guilty to each of the three charges, Tyner stated that he had done so knowingly, voluntarily and of his own free will.

{¶8} Although the transcript reveals that Tyner did state that he did not commit the crimes he was charged with during the plea negotiations (tr. 86), he never stated his innocence on the record at the time of his plea. Based on these facts, the trial court did not err when it failed to treat Tyner's guilty plea as an *Alford* plea. *See Murphy*.

{¶9} In his second assignment of error, Tyner argues his trial counsel rendered ineffective assistance in her recommendation that appellant plead guilty to the indictment. We disagree.

{¶10} To prevail on a claim of ineffective assistance of counsel upon entry of a guilty plea, a defendant must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *State v. Cobb*, 8th Dist. No. 76950, 2001-Ohio-4132. The defendant must first show that counsel's performance was deficient. *Strickland*. The defendant must also show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." *Strickland*, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶11} The defendant bears the burden of proving ineffectiveness of counsel. *State v. McNeill* , 83 Ohio St.3d 438, 451, 700 N.E.2d 596 (1998); *Cobb*. The defendant cannot meet his burden by making bare allegations that find no support in the record. *State v. Leek*, 8th Dist. No. 74338 (July 29, 1999), citing *State v. Stewart*, 8th Dist. No. 73255 (Nov. 19, 1998); *Cobb*.

{¶12} Here, Tyner failed to satisfy either prong of the *Strickland* test as applied to guilty pleas. According to Tyner, his trial counsel rendered ineffective assistance in recommending that he plead guilty to the indictment as charged, in lieu of pleading guilty to the state's plea offer, which represented reduced charges. However, the record before this court reveals that Tyner's trial counsel recommended that he reject the state's plea offer because it required Tyner to agree to a four-year prison sentence. Trial counsel argued that it was possible for Tyner to receive a lesser prison sentence if he pleaded guilty to the indictment and Tyner should take his chances before the court.

This recommendation by Tyner's trial counsel does not provide any indication that counsel was deficient. Further, Tyner has failed to establish, through any evidence in the record, how his allegations as outlined above, rise to the level of deficient performance.

{¶13} We note that Tyner also failed to satisfy the second prong of the *Strickland* test. The record here does not establish a reasonable probability that, but for the action or inaction of trial counsel, the outcome of the plea proceeding would have been different. The entirety of the plea transcript reveals that Tyner feared the possibility of a harsher penalty upon a jury's guilty verdict. Tyner's trial counsel made her recommendation but stated to Tyner that "it's your call." The record before us does not show a reasonable probability of a different outcome in the absence of this representation. Accordingly, we overrule Tyner's second and final assignment of error.

{¶14} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR


Appendix

Assignments of Error:

"I.   The trial court erred when it failed to perform a proper *Alford* inquiry after appellant told the court that he was pleading guilty even though he did not commit the crimes; thereby rendering his pleas not knowing, intelligent or voluntary.

II.   Appellant was denied his Sixth Amendment right to the effective assistance of counsel, as guaranteed by the U.S. Constitution, when his counsel recommended that he plead guilty to the indictment, instead of the lesser offenses of F3 abduction and F4 domestic violence as offered by the state, even though Mr. Tyner felt he was not guilty of kidnapping, without any indication he might receive a more lenient sentence from the court."