[Cite as *State v. Redmond*, 2018-Ohio-2778.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

**STATE OF OHIO**,

Plaintiff-Appellee,

v.

**THEAPLUS REDMOND**,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 MA 0068

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CR 426

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
REVERSED AND REMANDED

---

*Atty. Ralph Rivera*, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Michael Ciccone*, 4822 Market Street, Suite 230, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:  June 29, 2018

**BARTLETT, J.**

{¶1} Defendant-Appellant, Theaplus Redmond, appeals the March 30, 2017 decision of the Mahoning County Court of Common Pleas. On appeal, Appellant challenges the trial court's colloquy during his plea proceedings and the trial court's finding of guilt, pursuant to his *Alford* plea, as against the manifest weight of the evidence. He further asserts he received ineffective assistance of counsel. For the following reasons, the first two assignments of error are meritorious.  The third assignment of error is meritless.

<h3 style="text-align:center">Facts and Procedural History</h3>

{¶2} On April 13, 2016, the GMC Yukon driven by Appellant was struck by a Pontiac Grand Prix driven by Shateiya Harris. Harris left the scene of the accident and Appellant followed her; both in their respective vehicles. At some point both automobiles crashed. Appellant was taken by ambulance to the hospital. Harris was cited for hit/skip and refused treatment. After receiving treatment at the hospital, Appellant was arrested and charged with two counts of felonious assault.

{¶3} On April 15, 2016, Appellant made his initial appearance in the Youngstown Municipal Court and was appointed trial counsel. Appellant waived his preliminary hearing and consented to the matter being bound over to the grand jury.

{¶4} On May 19, 2016, Appellant was indicted on two counts of felonious assault, pursuant to R.C. 2903.11(A)(2)(D), felonies of the second degree. Appellant entered not guilty pleas to both counts and executed a waiver of speedy trial. Appellant also executed a written waiver of jury trial.  Multiple pre-trials were held between June 2016 and January 2017.

{¶5} The Appellant's bench trial was scheduled for January 23, 2017; however, the trial did not go forward.  Instead, Appellant appeared before the court with his attorney to change his plea. The court was presented a form entitled "Plea of Guilty Pursuant to Crim. R. 11(F)." The word "*Alford*" was hand written in the caption. In the Rule 11 agreement, the prosecution agreed that the two counts would merge but made no recommendation as to sentencing. The trial court accepted Appellant's *Alford* plea

and found him guilty.

**{¶6}** On March 17, 2017, Appellant appeared for sentencing. Prior to sentencing, evidence of Appellant's good character was submitted to the court in the form of letters from his children's teachers and coworkers, attached as exhibits to a memorandum. At sentencing, Appellant stated to the court that the incident was not intentional. His attorney stated, "I would take exception to one part of the police report that states that he hit her car with his vehicle, because that didn't happen the way the police report describes."

**{¶7}** The trial court found Appellant was not amenable to community control and sentenced him to four years of incarceration. This timely appeal followed.

### *Alford* Plea

**{¶8}** Appellant's first and second assignments of error are interrelated and will be discussed together for ease of analysis. They assert respectively:

Redmond's plea was not entered knowingly, intelligently, and voluntarily because the trial court failed to conduct the heightened inquiry required when accepting a plea pursuant to Alford.

The trial court's finding of Redmond guilty, pursuant to his Alford plea, was against the manifest weight of the evidence because the prosecution did not make a separate presentation of evidence when Redmond made no stipulation and the record before the trial court did not contain strong evidence of actual guilt.

**{¶9}** Appellant claims his pleas were not entered into knowingly, voluntarily, or intelligently. This claim is not based on the failure to comply with Crim.R. 11. His claim is based on the contention that the trial court failed to conduct the heightened inquiry required when accepting a guilty plea pursuant to Alford.

**{¶10}** This Court recently stated in *State v. LaBooth*, 7th Dist. No. 15 MA 0044, 2017-Ohio-1262, ¶23:

Where, as here, Appellant makes an *Alford* plea, the trial court had a duty to make further inquiries about the voluntariness of his plea. *North*

Case No. 17 MA 0068

*Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1971). An *Alford* plea occurs when a defendant pleads guilty to an offense but at the same time protests his innocence. *Id.*; *State v. Padgett*, 67 Ohio App.3d 332, 337, 586 N.E.2d 1194 (1990). An *Alford* plea is properly accepted in Ohio as knowing, voluntary and intelligent where the record discloses: (1) defendant's plea was not the result of coercion, deception or intimidation; (2) defendant's counsel was present at the time the plea was entered; (3) defense counsel's representation was competent in light of the circumstances of the indictment; (4) the plea was entered with an understanding of the underlying charges; and (5) the defendant was motivated by a desire for a lesser penalty, a fear of the consequences of a jury trial, or both. *State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), syllabus.

**{¶11}** The Eight District has also spoken on this topic recently:

Where a defendant enters an *Alford* plea, the trial court must inquire into the factual basis surrounding the charges to determine whether the defendant is making an intelligent and voluntary guilty plea. See, e.g., *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, 2013 WL 5594234, ¶ 6. The trial court may accept the guilty plea only if a factual basis for the guilty plea is evidenced by the record. See, e.g., id. (" 'When taking an Alford plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge' demonstrating that the plea cannot seriously be questioned."), quoting *State v. Jones*, 8th Dist. Cuyahoga No. 97674, 2012-Ohio-2512, 2012 WL 2047993, ¶ 5; *State v. Johnson*, 8th Dist. Cuyahoga No. 103408, 2016-Ohio-2840, 2016 WL 2587209, ¶ 27 ("An *Alford* plea may not be accepted when the record fails to demonstrate facts upon which the trial court can resolve the apparent conflict between a defendant's claim of innocence and the defendant's desire to plead guilty to the charges."), citing *State v. Tyner*, 8th Dist. Cuyahoga No.

97403, 2012-Ohio-2770, 2012 WL 2355606, ¶ 6.

*State v. Alvelo*, 8th Dist. No. 104422, 2017-Ohio-742, ¶ 23

{¶12} A review of the record reveals that Appellant was represented by counsel who was present and competent at the hearing. Appellant indicated, multiple times, that he understood the terms of the plea, the potential penalties, and the constitutional rights and appellate rights he was waiving as a result of the plea. The record demonstrates that his plea was not entered as the result of coercion or duress. There is no indication that Appellant was motivated by a desire for a lesser penalty, a fear of the consequences of a jury trial, or both.

{¶13} The problem in this case arises from the Court's failure to conduct a heightened *Alford* inquiry during the plea colloquy. Absent a few mentions of the word "Alford," this plea hearing was indistinguishable from that of an ordinary guilty plea. From the Crim. R. 11 plea agreement that is used in regular plea proceedings, to the recitation of constitutional and non-constitutional rights, there is nothing to differentiate this from a normal plea hearing minus the word "Alford" written on the plea agreement and the trial court referring to Alford on three occasions prior to accepting Appellant's pleas.

{¶14} Further, when taking an *Alford* plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge, demonstrating that the plea cannot seriously be questioned. The prosecution presented no background to the charges and presented no facts or evidence. Appellant's counsel never stated any factual basis for the *Alford* plea nor did Appellant ever stipulate to the prosecution's evidence. At no time during the plea hearing did the trial court inquire as to the reason for invoking *Alford*.

{¶15} As the record does not affirmatively disclose all of the required factors for finding Appellant voluntarily, knowingly, and intelligently entered the *Alford* pleas, both assignments of error are meritorious.

### Ineffective Assistance of Counsel

{¶16} In his final of three assignments of error, Appellant asserts:

Redmond's trial counsel provided ineffective assistance of counsel.

Case No. 17 MA 0068

**{¶17}** To prove an allegation of ineffective assistance of counsel, the defendant must satisfy a two-prong test: that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E .2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id.* at paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise. *State v. Hamblin*, 37 Ohio St.3d 153, 155, 524 N.E.2d 476 (1988).

**{¶18}** Appellant alleges his trial counsel was ineffective because the transcript demonstrates that Appellant was a confused man. Further, he asserts that his attorney should have tried the case as opposed to pleading out with no sentence recommendation from the State.

**{¶19}** "Effective assistance of counsel does not guarantee results and consequences of advice are not the only measure." *State v. Longo*, 4 Ohio App.3d 136, 139, 446 N.E.2d 1145 (8th Dist.1982). Contrary to Appellant's assertion of being confused, prior to entering his plea Appellant indicated to the trial court that he reviewed the plea agreement with his attorney and that he understood it. (Plea Tr. 3). He acknowledged on the record that his attorney and the court fully explained everything. *Id.* at 7.

**{¶20}** As the Appellee aptly points out, the State agreed to remain silent as to a sentencing recommendation and agreed that both counts would be merged. This was of significant benefit to Appellant who was facing a potential 16 years of incarceration. Appellant has not proven the deficient performance of his trial counsel: his final assignment of error is meritless.

## Conclusion

In summary, the trial court did not engage in the heightened inquiry required under *Alford*. As such, Appellant's plea is vacated and this case is remanded for further

proceedings according to law and consistent with this opinion.

Donofrio, J., concurs.

Waite, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the third assignment of error is overruled; the first and second assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**