[Cite as *State v. Hughes*, 2021-Ohio-111.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA2 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Ronnie Len Hughes, | : | |
| Defendant-Appellant. | : | **RELEASED 1/14/2021** |

<u>APPEARANCES</u>:

Felice Harris, Harris Law Firm, LLC, Columbus, Ohio for appellant.

Anneka P. Collins, Highland County Prosecutor, and Adam J. King, Highland County Assistant Prosecutor, Hillsboro, Ohio, for appellee.

Hess, J.

{¶1} Ronnie Len Hughes appeals his gross sexual imposition conviction and contends that the trial court abused its discretion when it accepted his *Alford* plea of guilty. He argues that the trial court: (1) failed to engage in the heightened *Alford* inquiry prior to accepting his plea and (2) did not substantially comply with Crim.R. 11 because it used the terms "sexual contact" and "sexual conduct" interchangeably when discussing the gross sexual imposition charge and it misstated the minimum sentence.

{¶2} We conclude that the trial court failed to adequately determine that there was a factual basis for Hughes's *Alford* plea. The intelligence and voluntariness of an *Alford* plea must be established by evidence in the record supporting guilt. Because of the complete absence of the basic facts surrounding the charge, the trial court could not evaluate the intelligence and voluntariness of Hughes's decision to plead guilty

notwithstanding his insistence of innocence. Because the record does not disclose all of the required factors for finding Hughes voluntarily, knowingly, and intelligently entered into the *Alford* plea, we sustain his assignment of error, vacate his plea, and remand this case. Because we find that the trial court failed to conduct a heightened *Alford* inquiry, we need not address Hughes's second argument that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) in determining if he understood the nature of the charges.

## I. PROCEDURAL HISTORY

**{¶3}** In April 2018, the Highland County Grand Jury indicted Hughes on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony, for sexual contact with a person less than thirteen years of age. The victim was three years old.  Hughes initially pleaded not guilty, but withdrew his plea and entered an *Alford* plea of guilty to gross sexual imposition as charged in the indictment. Hughes entered his *Alford* plea in both written form and orally at the change of plea hearing. The *Alford* plea included a jointly recommended prison term of 36 months and registration as a Tier II sex offender. The trial court accepted the plea, found Hughes guilty, and sentenced Hughes, as jointly recommended, to a 36-month prison term and ordered him to register as a Tier II sex offender.

## II. ASSIGNMENT OF ERROR

**{¶4}** Hughes assigns the following error for our review:

1. The trial court abused its discretion in accepting Mr. Hughes' *Alford* plea.

## III. LAW AND ANALYSIS

### A. *Alford* Plea of Guilty

#### 1. Standard of Review

**{¶5}** Although Hughes frames his assignment of error as one in which the trial court "abused its discretion" in accepting his guilty plea, his argument is that his guilty plea was not made voluntarily and intelligently because the trial court did not: (1) engage in the required heightened *Alford* inquiry and (2) failed to substantially comply with Crim.R. 11(C)(2)(a) in determining if he understood the nature of the charge. In other words, he argues that his guilty plea is invalid on both constitutional and nonconstitutional grounds. The difference between how he stated his assignment of error and how he argued it is important because the standard of review is different. A reviewing court will not reverse a trial court's decision to accept or reject a defendant's guilty plea unless the court abused its discretion. "Abuse of discretion" means that the court acted in an unreasonable, arbitrary, or unconscionable manner or employed a view or action that no conscientious judge could honestly have taken. *State v. Taylor*, 2017-Ohio-4395, 93 N.E.3d 1, ¶ 9 (4th Dist.). Any error by the trial court in accepting or rejecting a guilty plea is subject to a harmless error analysis and will not be reversed unless the defendant can show the error was prejudicial, which means it affected the outcome of the case. *Id.* at ¶ 14-16.

**{¶6}** However, where a defendant contends that a guilty plea is invalid because the trial court failed to comply with nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b) or the constitutional requirements set out in Crim.R. 11(C)(2)(c) or imposed by *Alford, infra*, a reviewing court undertakes a de novo review. *State v. Cassell,* 2017-Ohio-769, 79 N.E.3d 588, ¶ 30 (4th Dist.) ("An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the

record to ensure that the trial court complied with the constitutional and procedural safeguards.").

**{¶7}** The trial court must strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(c) and must undertake, when applicable, a heightened *Alford* inquiry; any error results in an automatic vacation of the conviction and plea – it is not subject to harmless-error review and no showing of prejudice is required. *State v. Miller,* 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 12-17, discussing and reaffirming *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621 ("*Veney* and other decisions * * * make clear that strict compliance simply means that the court has to notify the defendant of each one of the constitutional rights that the defendant is giving up; and if the court fails to do so, the guilty plea is invalid – no showing of prejudice is required.").

**{¶8}** The trial court must substantially comply with the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b). The defendant may or may not have to show prejudice depending upon the extent of the trial court's error. If the trial court partially complied, the defendant must show prejudice; if the trial court completely failed to comply, the defendant does not need to show prejudice:

> When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice." (Citations omitted, Emphasis sic.)

*State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32.

**{¶9}**   *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) provides a method by which a defendant is able to maintain his factual innocence yet enter a plea of guilty.

> A defendant who believes himself to be innocent of the charges against him may rationally conclude that the evidence against him is so incriminating that there is a significant likelihood that a jury would find him guilty of the offense. Consequently, the defendant may rationally conclude that accepting a plea bargain is in his best interests, since he will avoid the risk of greater punishment if found guilty by a jury. When a defendant so chooses to enter this plea, it is known as an *Alford* plea of guilty. (Citations omitted.)

*State v. Byrd,* 4th Dist. Athens No. 07CA29, 2008-Ohio-3909, ¶ 16. Because a guilty plea implicates a defendant's Fifth Amendment right not to be compelled to be a witness against oneself, a minimum requirement is that the plea be made voluntarily. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ("Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice.").

**{¶10}**  In *Alford, supra,* the Court held that "an express admission of guilt * * * is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37. However, in order to safeguard defendant's constitutional right to enter a plea voluntarily and intelligently, the judge must determine that the record "contains strong evidence of actual guilt." *Id.*

> When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it. (Citations omitted.)

*Alford*, 400 U.S. at 37–38. Because a heightened *Alford* inquiry allows the judge to "test whether the plea was being intelligently entered," a trial court's failure to make the inquiry is a "constitutional error" which invalidates the plea – no showing of prejudice is required.

### 2. *Alford* Plea – Voluntarily and Intelligently Made

**{¶11}** The Supreme Court of Ohio has held that, in the context of an *Alford* plea, the plea is voluntarily and intelligently made "[w]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both * * *." *State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971) at the syllabus; *State v. Shifflet*, 2015-Ohio-4250, 44 N.E.3d 966, ¶ 29 (4th Dist.); *Byrd* at ¶ 17. "An *Alford* plea is procedurally indistinguishable from a guilty plea and waives all alleged errors * * * committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim.R. 11." *State v. Nguyen,* 6th Dist. Lucas No. L-05-1369, 2007-Ohio-2034, ¶ 18.

> Where a defendant enters an *Alford* plea, the trial court must inquire into the factual basis surrounding the charges to determine whether the defendant is making an intelligent and voluntary guilty plea.

The trial court may accept the guilty plea only if a factual basis for the guilty plea is evidenced by the record. "When taking an *Alford* plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge, demonstrating that the plea cannot seriously be questioned." "An *Alford* plea may not be accepted when the record fails to demonstrate facts upon which the trial court can resolve the apparent conflict between a defendant's claim of innocence and the defendant's desire to plead guilty to the charges." (Citations omitted.)

*State v. Redmond*, 7th Dist. Mahoning No. 17 MA 0068, 2018-Ohio-2778, ¶ 11, quoting

*State v. Alvelo*, 2017-Ohio-742, 85 N.E.3d 1032, ¶ 23 (8th Dist.).

**{¶12}** Here, the record does not include a presentation of the basic facts or circumstances surrounding the indictment. The indictment charged Hughes with gross sexual imposition in violation of R.C. 2907.05(A)(4) and alleged:

On or about October 4, 2017 and in Highland County, Ohio Ronnie Len Hughes did have sexual contact with A.B., not the spouse of the said Ronnie Len Hughes or cause A.B., not the spouse of the said Ronnie Len Hughes to have sexual contact with the said Ronnie Len Hughes, or cause A.B. and another to have sexual contact and the said A.B. being less than 13 years of age, to wit: 3 years of age, whether or not Ronnie Len Hughes knew of the age of A.B. in violation of §2907.05(A)(4) O.R.C. and against the peace and dignity of the State of Ohio.

However, at the plea hearing, the trial court did not ask the state to provide the basic facts surrounding the indictment and instead stated that it would "proceed with sentencing immediately due to the nature of the offense and also I've reviewed the discovery and the Defendants [sic] prior record." Although, the state provided discovery to Hughes's trial counsel and filed a certification in the record that stated that discovery had been served and identified the categories of discovery provided, the discovery itself was not made part of the record. At oral argument, the state conceded that it had not provided its discovery responses to the trial court. We are unable to discern whether the state's discovery contained strong evidence of Hughes's actual guilt. The record also contains no bill of

particulars upon which the trial court might discern the strength of the state's charges.

Rather, the trial court asked Hughes if he had discussed the charges with his trial counsel

and if he was satisfied with his trial counsel's representation and Hughes answered

affirmatively:

> COURT: Now have you discussed the nature of the charge, the um possible the legal issues in the case, the evidence in the case, possible defenses you might try to raise at trial and the possible outcomes of a trial with your attorney?
>
> A: Yes, Sir.
>
> COURT: Are you satisfied with his advice and competence in this matter?
>
> A: Yes, Sir.

{¶13} Hughes argues that before accepting an *Alford* plea, the "record also must

contain strong evidence of guilt." In *State v. Little,* 6th Dist. Lucas No. L-17-1008, 2018-

Ohio-2864, the appellate court outlined the *Alford* analysis required by the Supreme Court

of Ohio in *State v. Piacella, supra* and added, "In addition, 'before accepting an *Alford*

plea, the trial court must  * * * require the state to show a basic factual framework for the

charge and plea.' " *Little,* at ¶ 18, quoting *State v. Wood*, 6th Dist. Lucas No. L-13-1181,

2014-Ohio-3960, ¶ 6, which cited *State v. Casale,* 34 Ohio App.3d 339, 340, 518 N.E.2d

579 (8th Dist. 1986) ("This court has held that in taking an *Alford* guilty plea, absent the

presentation of some basic facts surrounding the charge, there could be no determination

that the accused was making an intelligent and voluntary guilty plea."). *Alford, supra,* does

not place specific parameters on what evidence, if any, the state must present at the plea

hearing but simply requires that "the record before the judge contains strong evidence of

actual guilt." *Alford*, 400 U.S. 25, 37; *see also State v. Doyle,* 4th Dist. Ross No.

95CA2166, 1996 WL 557804, *3, fn. 2 ("For a so-called 'textbook example' of how to

conduct a plea hearing with an *Alford* situation, *see State v. Williams,* 2d Dist. Montgomery No. 13547, [1993 WL 102632] (Apr. 5, 1993)").

**{¶14}** In *State v. Flannigan,* 4th Dist. Vinton No. 95 CA 499, 1996 WL 180940, *6–7 (Apr. 10, 1996), we discussed *Alford* and *Casale, supra,* and explained that a strong factual basis for the Alford plea must be demonstrated by the record:

> In *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, 56 O.O.2d 85, the United States Supreme Court determined that a guilty plea may be accepted despite protestations of innocence where the validity of the plea cannot seriously be questioned in view of a strong factual basis for the plea demonstrated by the record. This court has held that in taking an *Alford* guilty plea, *absent the presentation of some basic facts surrounding the charge*, there could be no determination that the accused was making an intelligent and voluntary guilty plea. *State v. Kessel* (Oct. 27, 1983), Cuyahoga App. No. 45466, unreported [Available on WESTLAW, 1983 WL 2707]. *The record in this case, likewise, is devoid of a basic factual framework against which the trial court could weigh the appellant's claims of innocence against her willingness to waive trial.* Under the circumstances of this case, the plea was not voluntary and the trial court erred in accepting the plea. (Emphasis added.)(Brackets sic.)

**{¶15}** Here, as in *Casale*, the record is "devoid of a basic factual framework against which the trial court could weigh" Hughes's claims of innocence against his willingness to waive trial. We find nothing in the record – no bill of particulars, no witness statements or investigative reports, no recitation of basic facts at the plea hearing – to satisfy the *Alford* requirement that "the record before the judge contains strong evidence of actual guilt." *Alford,* 400 U.S. at 37; *State v. Morris*, 6th Dist. Lucas No. L-18-1187, 2020-Ohio-704, ¶ 12 ("The trial court may rely on the entire record to determine that basic factual framework" when accepting an *Alford* plea); *State v. Alvelo*, 2017-Ohio-742, 85 N.E.3d 1032, ¶ 28 (8th Dist.) (trial court's question to defense counsel as to whether a factual basis existed for *Alford* plea was a sufficient finding of factual basis); *State v. Krieg*, 9th Dist. Lorain No. 04CA008442, 2004-Ohio-5174, ¶ 16 ("a bill of particulars as

requested by defense counsel and answers to discovery" formed a sufficient factual basis for the trial court to accept *Alford* plea); *see State v. Remines,* 9th Dist. Lorain No. 97CA006700, 1998 WL 103350, *2 (Feb. 25, 1998) (concluding that the factual basis for an *Alford* plea was presented where trial court had before it a bill of particulars); *see* Katz, Martin, & Macke, *Baldwin's Ohio Practice Criminal Law,* Section 43.15 (3d Ed., Nov. 2019) (discussing the factual basis requirement for an *Alford* plea, "Ascertaining that there is a factual basis for the plea does not necessarily require the taking of testimony. Determining a factual basis may be accomplished by * * * deriving information from a pre-sentence report" among other methods).

**{¶16}** Absent evidence of guilt in the record, it was error for the trial court to find that Hughes's *Alford* plea was entered intelligently and knowingly. *See State v. Timmons,* 7th Dist. Mahoning No. 18MA0046, 2019-Ohio-2723, ¶ 9, 10 ("We cannot infer the presence of the *Alford* factors; the law requires a heightened analysis." * * * "the record is devoid of any background information on the charges or any facts of evidence of the case. Aside from the recitation of the charges, no information was provided at the plea hearing on either the basis of the charges or the facts or evidence of the case"); *State v. Redmond,* 7th Dist. Mahoning No. 17MA0068, 2018-Ohio-2778, ¶ 13, 14 ("The problem in this case arises from the court's failure to conduct a heightened *Alford* inquiry during the plea colloquy * * * this plea hearing was indistinguishable from that of an ordinary guilty plea * * * the prosecution presented no background to the charges and presented no facts or evidence").

**{¶17}** Because the heightened *Alford* inquiry is a constitutional requirement when a guilty plea contains a protestation of innocence, the trial court's error invalidates the

plea and Hughes is not required to show prejudice. We find that his guilty plea is invalid and sustain his sole assignment of error. In light of this determination, we need not address Hughes's contention that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a). App.R. 12(A)(1)(c).

## IV. CONCLUSION

**{¶18}** The trial court failed to engage in a heightened *Alford* inquiry. We sustain Hughes's assignment of error, vacate his plea, and remand the case for further proceedings consistent with this opinion.

JUDGMENT VACATED
AND CAUSE REMANDED

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS VACATED AND CAUSE REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT OF COMMON PLEAS, to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**