[Cite as *State v. Cook*, 2024-Ohio-4481.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 CA 0020 |
| CHAD COOK | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2022-CR-
                              0392R

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       September 9, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE M. SCHUMACHER                       WILLIAM T. CRAMER
Prosecuting Attorney                      1554 Polaris Parkway, Suite #325
Richland County, Ohio                     Columbus, Ohio 43240

MICHELLE FINK
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

**{¶1}** Defendant-appellant Chad A. Cook appeals the judgment entered by the Richland County Common Pleas Court convicting him following his *Alford* pleas of guilty to two counts of aggravated arson (R.C. 2909.01(A)(1),(2), (B)(2),(3)), attempted murder (R.C. 2923.02, R.C. 2903.02(B),(D), R.C. 2929.02(B)) and attempted aggravated murder (R.C. 2923.02, R.C. 2903.01(B), R.C. 2929.02(A)), and sentencing him to a term of incarceration of eight to twelve years. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 21, 2022, a fire was set in Appellant's home while his stepdaughter was inside. Appellant initially told police he was not at the residence. However, a camera captured him at the residence at the time the fire ensued. He claimed he came home to get his lunch; however, a camera at his place of employment showed Appellant arrived at work that morning with his lunch bag. Coworkers confirmed he had his lunch with him in the morning, and when he left at lunch time, Appellant stated he was going to the bank.

**{¶3}** When Appellant returned to work, he was seen on camera parking away from the main building, behind some garages. As he exited the vehicle and walked to the main building, he attempted to hide his face. Two minutes later he emerged from the building and returned to his vehicle, still attempting to hide his face, carrying a black bag.

**{¶4}** In June of 2022, Appellant admitted to family he set the house on fire. He sent several text messages to his wife telling her to stop talking to people about the fire, and to have no contact with detectives investigating the case. He also told his wife not to tell their insurance agent what they talked about.

{¶5} Appellant's wife and her children told police Appellant admitted setting the house on fire by smoking a cigarette. He admitted he knew his stepdaughter was home when he set the fire because he had to walk around her vehicle to get into the house.

{¶6} Appellant was indicted by the Richland County Grand Jury with two counts of aggravated arson, attempted felony murder based on aggravated arson as the predicate offense, and attempted aggravated felony murder based on aggravated arson as the predicate offense. Appellant pled guilty to all charges pursuant to *North Caroline v. Alford*, 400 U.S. 25 (1970). In exchange for the plea, the State agreed to merge all counts for sentencing. The trial court convicted Appellant upon his guilty pleas and sentenced him on the attempted aggravated murder conviction to eight to twelve years incarceration. It is from the March 22, 2023 judgment of conviction and sentencing Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT FAILED TO ENSURE THAT APPELLANT'S *ALFORD* PLEAS WERE ENTERED KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY BY INQUIRING INTO THE FACTUAL SUPPORT FOR THE CHARGES.

II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW THE *ALFORD* PLEAS.

I.

{¶7}   In his first assignment of error, Appellant argues the trial court did not sufficiently inquire into the factual support and evidence supporting the charges, and as a result his *Alford* plea was not knowingly, intelligently, and voluntarily entered.

{¶8}   A "plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). However, pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970), a criminal defendant may believe he or she is innocent of the charges, but reluctantly conclude the evidence is so incriminating that a significant likelihood exists that a jury would return a guilty verdict. An *Alford* plea "is predicated upon the defendant's desire to obtain a lesser penalty rather than risk the consequences of a jury trial." S*tate v. Piacella,* 27 Ohio St.2d 91 (1971), syllabus.

{¶9}   Before accepting an *Alford* plea, a court must evaluate the reasonableness of a defendant's decision to plead guilty, notwithstanding the protestation of innocence. *State v. Karsikas*, 2015-Ohio-2595, ¶ 18 (11th Dist.). This requires a presentation of some basic facts surrounding the charges from which a court may determine whether an accused has made an intelligent and voluntary guilty plea. *State v. Drzayich*, ¶ 13 (6th Dist.).  When a defendant contends a guilty plea is invalid because a court failed to comply with the Alford requirements, this Court must undertake a de novo review. *State v. Hughes,* 2021-Ohio-111, ¶6 (4th Dist.).

> Where a defendant enters an *Alford* plea, the trial court must inquire into the factual basis surrounding the charges to determine whether the defendant is making an intelligent and voluntary guilty plea. The trial court

may accept the guilty plea only if a factual basis for the guilty plea is evidenced by the record. "When taking an *Alford* plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge, demonstrating that the plea cannot seriously be questioned." "An *Alford* plea may not be accepted when the record fails to demonstrate facts upon which the trial court can resolve the apparent conflict between a defendant's claim of innocence and the defendant's desire to plead guilty to the charges." (Citations omitted.)

**{¶10}** *State v. Redmond*, 2018-Ohio-2778, ¶ 11 (7th Dist.), *quoting State v. Alvelo,* 2017-Ohio-742, ¶ 23 (8th Dist.).

**{¶11}** Appellant cites this Court to *Hughes*, *supra*, in which the court found insufficient evidence of guilt in the record on which the trial court could base its acceptance of an *Alford* plea:

However, at the plea hearing, the trial court did not ask the state to provide the basic facts surrounding the indictment and instead stated that it would "proceed with sentencing immediately due to the nature of the offense and also I've reviewed the discovery and the Defendants [sic] prior record." Although, the state provided discovery to Hughes's trial counsel and filed a certification in the record that stated that discovery had been served and identified the categories of discovery provided, the discovery

itself was not made part of the record. At oral argument, the state conceded that it had not provided its discovery responses to the trial court. We are unable to discern whether the state's discovery contained strong evidence of Hughes's actual guilt. The record also contains no bill of particulars upon which the trial court might discern the strength of the state's charges.

**{¶12}** *Hughes*, *supra*, at ¶ 12.

**{¶13}** In the instant case, as in *Hughes*, the prosecutor did not provide the court with the facts surrounding the indictment, a bill of particulars was not filed, and discovery was not made a part of the record. However, during the plea hearing the trial court made the following statement concerning the evidence against Appellant:

THE COURT: All right. So allegations. You know what you've been charged with, but I don't want anybody ever changing their plea and pleading to something and then saying, Judge, I didn't understand what I was being accused of doing, so I'm laying it out there.

So what I'm telling you is what the prosecutor says. And, again, this is what he alleges in the indictments. That on April 21st of 2022 that you set fire to the residence at 1065 Timbercliff Drive in Mansfield, Ohio, when you knew your stepdaughter was there at the house. You said you were not home when the fire started, but a neighbor's doorbell camera apparently has a picture of you there. You were working for the Village of Lexington parks department. Said you had no record. That you have a wife – you

and your wife have a child in common. Said later you came home for lunch, but people at work said you had your lunch in the fridge at work.

**{¶14}** Plea Tr. 13-14.

**{¶15}** The specific evidence the trial court referred to at the plea hearing is contained in the Statement of Facts filed in the trial court from the bond recommendation in municipal court. The Statement of Facts, provided by the arresting officer, detailed the evidence collected by police over the months between the fire and Appellant's arrest. The officer provided information that on April 21, 2022, a fire was set in Appellant's home while his stepdaughter was inside. Appellant initially told police he was not at the residence. However, a camera captured him at the residence with his work truck at the time the fire ensued. Appellant claimed he came home to get his lunch; however, a camera at his place of employment showed Appellant arrived at work that morning with his lunch bag. Coworkers confirmed Appellant had his lunch with him in the morning, and when he left at lunch time, Appellant stated he was going to the bank. When Appellant returned to work, he was seen on camera parking away from the main building, behind some garages. As he exited the vehicle and walked to the main building, he attempted to hide his face. Two minutes later he emerged from the building and returned to his vehicle, still attempting to hide his face, carrying a black bag. The statement further provided in June of 2022, Appellant admitted to family members that he set the house on fire. He sent several text messages to his wife telling her to stop talking to people about the fire, and to have no contact with detectives investigating the case. He also told his wife not to tell their insurance agent what they talked about. Appellant's wife and her children told police

Appellant admitted setting the house on fire by smoking a cigarette. He admitted he knew his stepdaughter was home when he set the fire because he had to walk around her vehicle to get into the house.

**{¶16}** While Appellant argues this statement was not admitted into evidence at the plea hearing, the statement was a part of the record before the trial court at the time of the plea hearing and is a part of the record before this Court on appeal. The statement of evidence is similar to that which would have been found in a bill of particulars, discovery responses filed with the trial court, or the prosecutor's statement of the evidence at a plea hearing. We find this statement of the evidence provided by the arresting officer presented sufficient evidence of guilt to allow the trial court to accept Appellant's *Alford* plea as knowingly, intelligently, and voluntarily made.

**{¶17}** The first assignment of error is overruled.

II.

**{¶18}** In his second assignment of error, Appellant argues the trial court erred in overruling his presentence motion to withdraw his guilty plea.

**{¶19}** At the sentencing hearing, counsel for Appellant argued for a sentence of community control or a prison sentence on the "lower end" of the guidelines. Sent. Tr. 30. The court then asked Appellant if he had anything to say. Appellant responded:

THE DEFENDANT: Yes, Your Honor. With no disrespect to you, Your Honor, or the Court, but I wish to withdraw my guilty plea or *Alford* plea, I feel like I was misrepresented in this case and would like to seek new counsel. I was promised my own arson investigator in this case, and I was

not given that chance. My attorney only went over the discovery in this case for only one hour at his office, and I do not have a copy of my discovery. I felt pressured to make a quick decision in this case. There has only been two motions filed by my attorney in this case, a continued jury trial and the motion to continue sentence. My lawyer was never at my bond hearing. I had asked him for a bond reduction. The magistrate told him – or told me to tell him for a bond reduction. He was to remind me of that. I feel like there's evidence with the State Farm fire expert in this case through the sheriff's investigative report. He told me and the investigator that this was an electrical fire due to aluminum wiring. I just want to put in a motion that I would like a change of plea.

**{¶20}** Sent. Tr. 30-31.

**{¶21}** The trial court called a recess to finish his other sentencing hearings, and review case law on the motion to withdraw the plea. Upon returning to the bench, the trial court proceeded with a hearing on the motion to withdraw. The court cited the factors he was to consider pursuant to case law. The court noted counsel had been retained by Appellant, and was present at multiple pretrial hearings with Appellant. The trial court indicated at the plea hearing, he discussed at length with Appellant what an *Alford* plea entailed, and Appellant indicated he understood and was satisfied with his attorney at that time. As far as the evidence in the case, the trial court noted there was substantial evidence against Appellant provided to the trial court. The trial court also noted the timing of the motion was the very last second, during the sentencing hearing.

**{¶22}** The prosecutor indicated the prejudice to the State would arise from the effect on the victims in the case, who were prepared to address the trauma they experienced at the sentencing hearing that day. Counsel for Appellant indicated he was not aware Appellant was going to move to withdraw his plea until he heard Appellant speak in court that day, and he felt he and Appellant had a good relationship. Counsel indicated he did not believe withdrawing the plea was in Appellant's best interests.

**{¶23}** The trial court overruled the motion orally from the bench, and later filed a written judgment entry overruling the motion.

**{¶24}** At the outset, we note the trial court was under no obligation to consider the pro se motion to withdraw the plea:

It is well established that although a defendant has the right to counsel or the right to act pro se, a defendant does not have any right to "hybrid representation." *State v. Martin*, 103 Ohio St.3d 385, 2004–Ohio–5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6–7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus.

We have previously determined that when counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012–Ohio–1531, ¶ 11 ("Because [defendant] chose to proceed with legal representation, the court could not consider [defendant]'s motion to

withdraw his plea, which his appointed counsel did not agree with."); *State v. Pizzarro*, 8th Dist. Cuyahoga No. 94849, 2011–Ohio–611, ¶ 9 ("Had the trial court entertained defendant's pro se motion while defendant was simultaneously being represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law.").

**{¶25}** *State v. Mongo*, 2015-Ohio-1139, ¶¶ 13-14 (8th Dist.).

**{¶26}** In the instant case, Appellant was represented by counsel, who disagreed with the motion.  Appellant expressed the desire for a new attorney; however, he did not discharge his retained counsel, nor did he ask to proceed pro se, and counsel continued to represent Appellant throughout the hearing.  Therefore, the pro se motion was not properly before the trial court.

**{¶27}** Despite the fact motion to withdraw the plea was not properly before the trial court, the trial court considered the motion on the merits, and we find the trial court did not abuse its discretion in overruling the motion.

**{¶28}** A motion to withdraw a plea is governed by Crim. R. 32.1, which provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶29}** "A presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Barnes*, 2022-Ohio-4486, ¶ 13, *citing State v. Xie*, 62 Ohio St. 3d 521, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw his or her plea, even when a motion to withdraw is made before sentencing. *Id.* Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea. *Id.* The determination of whether there is a reasonable and legitimate basis for the defendant's request to withdraw a plea is within the sound discretion of the trial court, and must be affirmed on appeal absent an abuse of discretion on the part of the trial court. *Id.*

**{¶30}** The Ohio Supreme Court has recently restated its past precedent in *Xie* that a presentence motion to withdraw a plea should be freely and liberally granted, while recognizing there are situations in which a denial of a presentence motion to withdraw a plea is not an abuse of discretion:

> We begin by repeating what this court established three decades ago in *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715: a defendant's presentence motion to withdraw his guilty plea should be freely and liberally granted. This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start.

As previously noted, a defendant does not have an absolute right to withdraw his guilty plea, *id.*, and denying a defendant's motion to do so has been upheld in various circumstances, *id.* at 524-525, 584 N.E.2d 715 (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant relied on his defense attorney's erroneous advice regarding parole eligibility). *See also State v. Drake*, 73 Ohio App.3d 640, 645-646, 598 N.E.2d 115 (8th Dist. 1991) (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant pleaded guilty on a mistaken belief that his aggravated-robbery charge would be reduced to robbery); *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist. 1988) (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant pleaded guilty because he thought that in exchange for pleading guilty, he would be sentenced to probation); *State v. Ganguly*, 10th Dist. Franklin, 2015-Ohio-845, 29 N.E.3d 375, ¶ 15 (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant asserted that his antianxiety medication rendered his plea unknowing, unintelligent, and involuntary).

**{¶31}** *Barnes, supra,* at ¶¶21-22.

**{¶32}** In *Barnes*, the defendant claimed he acted in self-defense throughout the proceedings. The State gave Barnes's attorney video footage from the scene, which

counsel did not share with Barnes prior to his plea. After viewing the footage subsequent to his plea but prior to sentencing, Barnes believed based on his military training the footage supported his claim of self-defense. The Ohio Supreme Court found the trial court erred in overruling Barnes's motion to withdraw his plea under these circumstances. *Id.* The Eighth District Court of Appeals had developed a set of factors under which to evaluate whether there is a reasonable and legitimate basis for withdrawal of a plea. The Ohio Supreme Court declined to apply those factors in *Barnes*, holding "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Id.* at ¶24. However, the court did not hold the factors would be inapplicable in every case where a presentence motion to withdraw a plea is made. *See Brunner, concurring* ("I would go further and would discard the nine-factor analysis that has been created and adopted by Ohio's courts of appeals in favor of a renewed focus on Crim.R. 32.1 and the guiding standards set forth by this court in *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992.")). *Id.* at ¶28.

{¶33} While Appellant claimed he had been told there was evidence the fire was not set by him, but was an electrical fire due to aluminum wiring, he did not present evidence in support of his claim, and it does not appear from the record this was newly discovered evidence prior to the time he entered the plea.  Appellant argued he was dissatisfied with the amount of time his retained counsel put into the case, and claimed he did not understand the *Alford* plea.  As such, we find the factors set forth by this Court in prior cases to be applicable to the trial court's evaluation of Appellant's motion, as well

as our review of the trial court's decision. This Court set forth these factors in *State v. Gilmore*, 2016-Ohio-2654, ¶14 (5th Dist.) as follows:

> Some factors a trial court may consider when making a decision on a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim. R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist. 2000), citing State v. Fish, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist. 1995); *Accord, State v. Pitts*, 5th Dist. Stark No. 2012CA00234, 2014-Ohio-17, ¶ 21. No one *Fish* factor is conclusive. *Cuthbertson, supra*. In addition, when weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, *citing State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in

reviewing a record of the hearing. *Xie, supra*, 62 Ohio St.3d at 525, *citing State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**{¶34}** The State argued prejudice in the trauma to the victims who appeared at the sentencing hearing ready to see the end of the case, but did not claim any prejudice would ensure to the prosecution of the case should the motion be granted. Appellant was represented by retained counsel at all times in the proceedings, and while he stated he wanted a new attorney, he took no action to retain new counsel. At the plea hearing, the trial court engaged in discussion with Appellant concerning the rights he waived by entering a plea, and specifically explained the *Alford* plea at length. Plea Tr. 16-17. Although the trial court conducted a short hearing on the plea withdrawal, the oral pro se motion, which was not joined by counsel, was considered by the trial court during a recess in which he reviewed case law and the record in the case. From the record of the plea hearing, there was no indication Appellant was unhappy with his attorney or had any concerns or questions before entering his plea. Plea Tr. 22. Further, despite Appellant's unsupported claim evidence existed showing the fire was caused by faulty wiring, the evidence before the trial court as set forth in the arresting officer's statement at the bond hearing indicated Appellant admitted to family members he started the fire. The trial court specifically found Appellant's claim of a defense to be unsubstantiated and unfounded. Judgment Entry, March 21, 2023. We find the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his plea.

**{¶35}** The second assignment of error is overruled.  The judgment of the Richland County Common Pleas Court is affirmed.


By: Baldwin, J.

Wise, P.J.  and

King, J. concur