[Cite as *State v. Gil*, 2019-Ohio-839.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-L-077** |
| - vs - | : | |
| ARMANDO A. GIL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000406.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Russell S. Bensing*, 600 The IMG Building, 1360 East Ninth Street, Cleveland, OH 44114 (For Defendant-Appellant).


MATT LYNCH, J.

{¶1} Defendant-appellant, Armando A. Gil, appeals his convictions for Rape and Gross Sexual Imposition, following the entry of an *Alford* plea, in the Lake County Court of Common Pleas. The issue to be determined by this court is whether an *Alford* plea is properly accepted by the trial court when the defendant receives a reduced sentence in exchange for the plea, a brief description of the crime is provided by the State when the plea is accepted, and when the defendant does not expressly state the

words "I am innocent" but indicates the willingness to enter an *Alford* plea. For the following reasons, we affirm the judgment of the trial court.

{¶2} On July 17, 2017, Gil was indicted by the Lake County Grand Jury for Rape (Count One), a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b); Gross Sexual Imposition (Counts Two through Four), felonies of the third degree, in violation of R.C. 2907.05(A)(4); Rape (Counts Five through Nine), felonies of the first degree, in violation of R.C. 2907.02(A)(2); and Gross Sexual Imposition (Counts Ten through Thirteen), felonies of the fourth degree, in violation of R.C. 2907.05(A)(1). Gil pled not guilty.

{¶3} A change of plea hearing was held on November 20, 2017, at which Gil was to enter a plea of guilty but stated that he was interested in entering an *Alford* plea. Following a discussion by the court, defense counsel, the prosecutor, and Gil, he entered a guilty plea, by way of *Alford*, to Amended Count One, Rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2), and Counts Two, Five, and Ten as charged in the indictment. The trial court accepted this plea and found him guilty of the offenses.

{¶4} The court received a letter from Gil on December 6, 2017, in which he stated that he had been pressured to enter the plea. The court construed this as a presentence motion to withdraw his plea and, following a hearing, allowed him to withdraw said plea.

{¶5} On March 23, 2018, Gil, with new counsel, again entered a plea of guilty by way of *Alford* to the same counts as to which he had previously entered a plea. At the hearing, defense counsel indicated that he discussed *Alford* pleas with Gil and

2

noted that Gil believed entering said plea would put him in a better situation for the purposes of sentencing. The court inquired as to Gil's understanding that he would be maintaining his innocence with an *Alford* plea, to which Gil responded affirmatively. Gil indicated he had no questions about the meaning of an *Alford* plea and confirmed he was entering the plea to avoid a more serious penalty. The court explained the offenses, penalties, and rights being waived by entering a plea. The State described in detail that the evidence would have shown Gil engaged in sexual conduct with his nieces, one of which was under the age of 13; he used force to compel sexual acts by virtue of his relationship with the two victims; and his conduct included touching of the erogenous zones of his victims as well as intercourse. The State also explained that Gil had made admissions to some of this conduct in a recorded interview and he made corroborating statements on recorded jail phone calls. The court accepted the *Alford* plea and found Gil guilty of the four offenses. This was memorialized in a March 26, 2018 Judgment Entry, in which the court also stated that a Nolle Prosequi had been entered on the remaining counts of the indictment.

{¶6} A sentencing hearing was held on May 14, 2018, at which defense counsel emphasized Gil's limited criminal record and that he acknowledged psychological damage was done to the victims. Gil apologized for his "inappropriate behavior" and stated that he felt remorse. The State recommended a 20-year prison sentence. The court ordered Gil to serve a term of nine years in prison on Count One, two years on Count Two, nine years on Count Five, and one year on Count Ten. The sentences for Counts One and Five were ordered to be served consecutively to each other. Counts Two and Ten were ordered to be served concurrently with each other but

3

consecutively with the remaining counts, for a total term of 20 years in prison. A Judgment Entry of Sentence was filed on May 16, 2018, memorializing this sentence.

{¶7} Gil timely appeals and raises the following assignment of error:

{¶8} "The trial court erred in accepting defendant's *Alford* Plea."

{¶9} Gil argues that the requirements for entry of a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), were not satisfied since he did not receive a benefit from the plea bargain, the State failed to present strong evidence of guilt, and he did not protest his innocence or have the ability to assert his remorse at sentencing.

{¶10} An *Alford* plea is a plea of guilty entered with a contemporaneous protestation of innocence. *State v. Karsikas*, 11th Dist. Ashtabula No. 2014-A-0065, 2015-Ohio-2595, ¶ 18; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 13 (an *Alford* plea is a plea "whereby a defendant pleads guilty yet maintains actual innocence of the charges"). Prior to accepting an *Alford* plea, "[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor." *State v. Padgett*, 67 Ohio App.3d 332, 338, 586 N.E.2d 1194 (2d Dist.1990).

{¶11} "[T]he *Alford* decision requires a factual basis when a defendant pleads guilty at the same time as he is protesting his innocence, so that the trial court can assure itself that the defendant is entering his guilty plea voluntarily and intelligently." (Citations omitted.) *State v. Parham*, 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 32; *Alford* at 38, fn. 10. A plea is voluntarily and intelligently made in the *Alford*

4

context where the record demonstrates that:

> (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), syllabus.

{¶12} Gil first argues that he did not receive a benefit from the plea bargain, and thus was either not motivated by the desire to seek a lesser penalty and/or did not make a rational calculation that it was in his best interest to accept the plea. This argument hinges upon his contention that, at the age of 58 and with a 20-year prison sentence, he "will in all probability serve the life sentence that his plea was designed to avoid."

{¶13} We find no merit in this argument. Gil recognizes that, had he gone to trial and been found guilty of the initial Rape charge in Count One under R.C. 2907.02(A)(1)(b), he could have received a life sentence with no possibility of release, rather than a 20-year sentence. A reduced penalty is logically recognized as a benefit that would lead one to enter a guilty plea. *State v. Kennedy*, 11th Dist. Ashtabula No. 2013-A-0002, 2013-Ohio-4553, ¶ 17. Given the trial court's sentence, there is still a possibility that Gil will be released from prison at the end of his sentence and there is no reason to believe that Gil was not fully aware of this concern when he chose to enter a

5

plea. Gil acknowledged at his second plea hearing that part of his motivation for entering an *Alford* plea was a sentence reduction and his counsel reiterated that Gil understood that if he took the case to trial "sentencing could occur in a way that would be more severe to him." All of the foregoing facts demonstrate that the decision was a rational calculation motivated by the desire to receive a lesser penalty.

{¶14} Gil next argues that the State failed to present strong evidence of his guilt, emphasizing that it merely recited the charges and did not proffer sufficient evidence.

{¶15} When an *Alford* plea is entered and accepted, the trial court must require that a factual basis for the plea be placed on the record. *Parham*, 2012-Ohio-2833, at ¶ 32. In the present matter, the State gave a description of the basis for the convictions, explaining the conduct alleged and pointing to specific evidence that would have been presented, including Gil's recorded partial admission and recordings of corroborating phone calls he made while in jail. Although Gil argues that this "is not sufficient," this court has accepted a brief description of the crimes committed as adequate to justify the entry of an *Alford* plea. *State v. Prinkey*, 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶ 24-25; *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶ 14.

{¶16} Gil cites *State v. Gossard*, 2d Dist. Montgomery No. 19494, 2003-Ohio-3770, for the proposition that a lack of sworn testimony and only a summary of the evidence by the prosecutor justifies vacating an *Alford* plea. *Gossard* discusses a variety of reasons for finding the plea accepted in that matter was not voluntary and it is unclear whether the factual basis was the sole reason for reversal in that case. *Id.* at ¶ 13-15. Regardless, Gil's assertion is inconsistent with the clear precedent of this court

6

discussed above, that a description of the basis for the crime by the prosecutor is sufficient for the court to accept an *Alford* plea.

{¶17} Gil also argues that his plea was invalid because it "was not an *Alford* plea" due to his failure to protest his innocence.

{¶18} In the present matter, although Gil did not state "I am innocent," the court extensively questioned him about his understanding of the *Alford* plea, his reasons for entering such a plea, and conducted a detailed colloquy in accepting the plea. This court has held that where a defendant has not "affirmatively asserted his innocence," the requirements for accepting an *Alford* plea are met when the court conducts a proper inquiry, asking the defendant questions about the offense and his reasons for pleading guilty, possible outcomes, and about his likelihood of being convicted. *State v. Sterling*, 11th Dist. Ashtabula No. 2002-A-0026, 2004-Ohio-526, ¶ 27; *Kennedy*, 2013-Ohio-4553, at ¶ 16 (an *Alford* plea was properly entered where the motivations for entering said plea were articulated by defense counsel). The circumstances of the present matter were sufficient to support a conclusion that Gil intended to enter an *Alford* plea.

{¶19} To the extent that Gil argues he was "left with the worst of both worlds" since the court could not consider remorse expressed at sentencing due to having entered a plea where he did not admit his guilt, there is nothing to indicate that Gil did not make the choice to enter an *Alford* plea knowingly and intelligently. Furthermore, at sentencing, he did still express remorse, a fact which the court acknowledged during the hearing while questioning whether it was sincere.

{¶20} Based on the foregoing, we find that the entirety of the record demonstrates that Gil's entry of an *Alford* plea was based on a rational belief that it was

7

in his best interest to enter such a plea and find no error in the court's acceptance of this plea.

{¶21}  The sole assignment of error is without merit.

{¶22}  For the foregoing reasons, Gil's convictions in the Lake County Court of Common Pleas are affirmed.  Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.