[Cite as *State v. Obhof*, 2023-Ohio-408.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

  - vs -

DANNAIL J. OBHOF,

        Defendant-Appellant.

CASE NO. 2021-A-0021

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00509

## O P I N I O N

Decided: February 13, 2023
Judgment: Affirmed

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Andrea K. Boyd*, Assistant Attorney General, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Before accepting a criminal defendant's guilty plea, a trial court must assure that the plea is made knowingly, intelligently, and voluntarily. The need for doing so is, perhaps, particularly acute when a defendant enters what is known as an "*Alford* plea". In doing so, the defendant indeed pleads guilty but at the same time maintains his or her innocence. How and why, we ask, would a defendant who maintains innocence plead guilty to the crime? Was the defendant enticed, duped, confused? On its face, it is a situation that suggests a defendant who may not know what they are doing or may not have thought through the consequences or is not acting voluntarily. To address this

apparent anomaly, the law calls upon the trial court to take extra precautions to assure that the plea is made knowingly, intelligently, and voluntarily. It is within that framework that the issues raised in this appeal must be considered.

{¶2} Appellant, Dannail Obhof, appeals his conviction and sentence from the Ashtabula Court of Common Pleas. Appellant entered an *Alford* guilty plea to four counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2)(b).

{¶3} Appellant has raised two assignments of error. First, that the trial court failed to obtain a sufficient factual basis to accept his *Alford* plea; second, that his plea was not knowingly and intelligently made because the trial court failed to inform him of his sex offender registration requirements at the time of his plea.

{¶4} After review of the record and the applicable caselaw, we find appellant's assignments of error are without merit. The State provided a sufficient factual basis to support the trial court's finding of guilt. Next, although the trial court did not fully inform appellant regarding his sex offender registration requirements until appellant's sentencing hearing, the trial court did not completely fail to comply with the maximum sentencing requirement of Crim.R. 11(C)(2)(a) and the record does not demonstrate appellant was prejudiced.

{¶5} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶6} On August 21, 2019, appellant was indicted in a 29-count indictment with 16 counts of rape, felonies of the first degree, in violation of R.C. 2907.02, 11 counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05, and two

2

counts of child endangering, felonies of the second and third degree, in violation of R.C. 2919.22. The sixteen rape counts in the indictment contained force specifications and sexually violent predator specifications, which would require life imprisonment be imposed on conviction.

{¶7} On October 7, 2020, appellant entered a guilty plea while maintaining his innocence pursuant to *North Carolina v. Alford,* 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1971). As part of the *Alford* plea, appellant agreed to plead to four amended counts of rape. Counts 1, 12, 20, and 21 were amended to violations of R.C. 2907.02(A)(2)(b) with no specifications. The State agreed to dismiss the remaining counts. The parties jointly recommended a mandatory prison sentence of 25 years.

{¶8} Appellant reviewed and signed the written *Alford* plea prior to the hearing. At the plea hearing, the trial court engaged in a Crim.R. 11 plea colloquy and reviewed the rights that appellant was waiving by entering his plea. Appellant said that he understood the rights he was waiving and had no questions. The court then asked the State if there was anything further to review with appellant. The prosecutor said, "Your honor, perhaps just his sex offender registration requirements and when the Court would like I can recite the facts giving rise to his *Alford* plea." The court responded,

> Alright, well, yeah, with regard to that, I think that that's something that I'm going to address in connection with the sentencing. But if we covered his rights, and I've gone through the check list that I have, so hopefully I haven't missed anything that's important.

Neither appellant nor his counsel asked any questions or made any comment about this statement. At no point prior to this did the trial court reference appellant's sex offender registration requirements upon being convicted. The signed plea agreement similarly does not reference appellant's sex offender registration status.

Case No. 2021-A-0021

**{¶9}** The court turned to the factual basis of the *Alford* plea and asked the State to "indicate a sufficient basis to support each of the four counts to which he's entering his plea today." The State gave a brief factual statement for each count. As to count one, the State said that on or between February 1, 2017, and June 26, 2017,

> the evidence that would have been presented would have been that Mr. Obhof did engage in sexual conduct with L.O., sexual conduct being vaginal intercourse * * * and that he was not her spouse. And for purposes of the plea agreement, the charged being amended that there was force or threat of force and the child would have been identified, she would have identified Mr. Obhof. And that it happened on at least one occasion.

**{¶10}** For each of the remaining three counts, the State presented a similar statement, providing the dates of the offense, venue, the initials of the victim, the type of sexual conduct, and that the victim could identify appellant. The State supported the threat of force element for all of the counts by saying appellant "was bigger, stronger, he was an adult, he was older. [The victims] were under ten years of age. There is actual physical force as well as being a parent or authority figure."

**{¶11}** The court found there was a sufficient factual basis to support the four counts. The court said it was satisfied that appellant understood the nature of the charges and entered his plea knowingly, intelligently, and voluntarily. Appellant entered his plea, the court found him guilty and immediately proceeded to sentencing.

**{¶12}** The court imposed the agreed upon 25-year sentence. The court turned to the issue of appellant's sex offender status.

> Now there's this issue with the sex offender registration which I'm sure you also are aware of. But having been convicted of a sexually oriented offense or a child victim offense, you're gonna be subject to registration requirements as what we call a tier three sex offender.

4

The court explained the full requirements of appellant's sex offender registration status at that time and concluded sentencing. Neither appellant nor his attorney commented about the sex offender registration requirements.

{¶13} On August 9, 2021, appellant filed a notice of appeal and motion for delayed appeal. This Court granted leave to file a delayed appeal, however, no appellate brief was filed, and the appeal was dismissed.

{¶14} On January 26, 2022, appellant filed an application for reopening where he claimed that his counsel rendered ineffective assistance of counsel. We denied that application because it appeared that appellant acted pro se in his appeal and believed that appellant had failed to file his brief.

{¶15} On March 17, 2022, appellant filed a second, delayed application for reopening. In that application, appellant asserted that the trial court had appointed counsel to represent him, and that counsel failed to file an appellate brief. We granted appellant's delayed application for reopening and appointed new appellate counsel with instructions to file an appellate brief. Appellant filed his brief and raises two assignments of error.

**Assignments of Error and Analysis**

{¶16} For ease of discussion, we take appellant's assignments of error out of order. His second assignment of error states:

{¶17} "[2.] The Appellant's guilty plea was not knowingly and intelligently made because the trial court failed to inform him regarding the sex offender registration requirements at the time of the plea."

5

Case No. 2021-A-0021

**{¶18}** This assignment implicates the trial court's duty to inform a defendant of the non-constitutional maximum penalty involved in a plea. Appellant cites several cases which stand for the proposition that a defendant must be fully informed of the maximum penalties involved in a plea. *E.g., State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988); *State v. Dye*, 127 Ohio St. 3d 357, 2010-Ohio-5728, 939 N.E.2d 1217. However, appellant has not cited any authority specifically addressing a defendant's notice regarding sex offender registration requirements.

**{¶19}** The State asserts that prior to entering his plea, appellant was aware that he would have to register as a sex offender and the requirements were later fully explained to him without objection or question. The State, citing *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 22, argues that notification of sex offender registration requirements is a non-constitutional aspect of a plea and that the totality of the circumstances at the time of the plea indicated that appellant understood he would be subjected to certain registration requirements upon conviction. The State therefore maintains that appellant cannot establish – and indeed has not claimed – that any prejudice resulted from the sex offender registration requirements being explained during sentencing rather than during the plea colloquy.

**{¶20}** A guilty plea must be made knowingly, intelligently, and voluntarily. *State v. Wasilewski,* 11th Dist. Portage No. 2020-P-0025, 2020-Ohio-5141, ¶ 20, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.*

Case No. 2021-A-0021

**{¶21}** In reviewing whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court conducts a de novo review of the record to ensure compliance with constitutional and procedural safeguards. *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio 2326, ¶ 12, quoting *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio 7064, ¶ 48. Those constitutional and procedural safeguards are designed to ensure that a trial court determine whether a plea is entered knowingly, intelligently, and voluntarily by explaining the Constitutional and other rights and the consequences of waiving them.

**{¶22}** Crim.R. 11(C)(2) requires the trial court to inform the defendant of these constitutional rights before accepting a guilty or no contest plea, and to determine that the defendant understands them as well as other aspects of the proceedings. The rule provides in pertinent part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> >
> > (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
> >
> > (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to

7

prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶23} Crim.R. 11(C)(2)(c) sets forth the constitutional rights a court must inform a defendant of, and which are waived when entering a guilty or no contest plea. *Dangler,* 162 Ohio St.3d 1*,* 164 N.E.3d 286, at ¶ 14.

{¶24} Crim.R. 11(C)(2)(a) provides that a trial court must determine that a defendant is pleading voluntarily and understands the maximum penalty involved before accepting a plea of guilty or no contest. The issue appellant raises is whether a full explication of the sex offender registration requirements are part of the "maximum penalty involved," which the court must determine the defendant understood when entering a plea.

{¶25} However, the "maximum penalty involved" requirement in Crim.R. 11(C)(2)(a) is non-constitutional in nature. *Id.* at ¶ 23. When challenging a trial court's failure to address non-constitutional Crim.R. 11(C) requirements, a defendant must demonstrate either prejudice or that the trial court completely failed to comply with the applicable portion of Crim.R. 11(C). *Id.* at 14-15. To show prejudice under Crim.R. 11(C)(2)(a), a defendant must demonstrate that the plea would not have been entered "but for the trial court's failure to explain the sex-offender-classification scheme more thoroughly." *Id.* at ¶ 23.

{¶26} A "complete failure to comply" with a non-constitutional requirement of Crim.R. 11 occurs when the court makes "no mention" of the requirement. *Id.*, at ¶ 15, citing *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (holding that a failure to mention postrelease control where the defendant was subject to

8

a mandatory five years of postrelease control was a complete failure to comply with the requirements of Crim.R. 11).

**{¶27}** In *Dangler, supra,* the Ohio Supreme Court recently resolved a conflict on the question of whether the trial court's failure to inform a defendant of all the penalties associated with a sex offender classification imposed under R.C. Chapter 2950 constitutes a complete failure to comply with Crim.R. 11(C)(2)(a) and thereby renders the plea void where the defendant fails to show prejudice resulted. *Id.* at ¶ 9.

**{¶28}** The Supreme Court concluded that the penalties set forth in R.C. Chapter 2950, while comprised of both punitive and remedial measures, "as a whole" constitute a penalty for purposes of Crim.R. 11. *Id.* at ¶ 20-22, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Thus, a trial court need only advise that a defendant will be subject to the registration requirements of the statutory scheme to comply with the Crim.R. 11(C)(2)(a) maximum penalty advisement requirement. *Id.* at ¶ 22.

**{¶29}** The essential questions to be answered are simply: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

**{¶30}** Applying the *Dangler* three-part test to the present case, we cannot conclude that the trial court fully complied with the non-constitutional Crim.R. 11(C)(2)(a) maximum penalty advisement. However, in this case the trial court did partially comply and appellant has not demonstrated any prejudice. First, the trial court did not specifically

9

advise appellant about the specific registration requirements he would be subjected to as part of the potential maximum penalty of his plea. This failure, while not a complete failure to inform appellant of the maximum penalties associated with his plea "as a whole," did fall short of fully complying with Crim.R. 11(C). *See Id.* at ¶ 22. However, in addition to explaining other portions of the maximum penalty, the court did tell appellant that there were sex offender registration requirements during the plea hearing. The court said that it would fully explain the registration requirements during sentencing.

{¶31} Second, although the trial court partially complied with the requirement of the rule, the requirement was non-constitutional. Therefore, appellant bears the burden of showing prejudice – that he would not have otherwise entered his plea.

{¶32} Third, appellant has not asserted prejudice in his brief and no apparent prejudice exists in the record. The State referenced the sex offender registration penalties, and the trial court said it would address the sex offender registration requirements during sentencing. This demonstrates that appellant was at least aware that registration requirements were part of the maximum penalty involved prior to entering his plea. Neither appellant nor trial counsel objected or sought further information about the sex offender registration requirements at that time. Nothing in the record suggests that appellant would not have entered his plea "but for the trial court's failure to explain the sex-offender-classification scheme more thoroughly." *Id.* at ¶ 23.

{¶33} As in *Dangler*, we "encourage trial courts to be thorough in reviewing consequences of a defendant's decision to enter a plea, including those stemming from classification as a sex offender: the duty to register and provide in-person verification, the community-notification provisions, and the residency restrictions." *Id.* at ¶25. However,

this case does not represent a complete failure to comply with the maximum penalty advisement requirement of Crim.R. 11(C)(2)(a) and nothing in the record leads us to conclude that appellant would not have entered his plea had the trial court been more detailed in its explanation.

{¶34} Accordingly, appellant's second assignment of error is without merit.

{¶35} Appellant's first assignment of error states:

{¶36} "[1.] The Appellant's *Alford* plea is not valid since the trial court failed to obtain a sufficient factual basis for such plea."

{¶37} Unlike the prior assignment of error addressing issues of general concern regarding guilty pleas, this assignment deals with the special care that a trial court must take to ensure a defendant has made a knowing and intelligent decision that the plea bargain offered is in his or her best interest.

{¶38} As noted above, we conduct a de novo review of whether a plea is knowingly, intelligently, and voluntarily made. *Siler*, 2011-Ohio 2326 at ¶ 12, quoting *Eckler*, 2009-Ohio 7064 at ¶ 48.

{¶39} An *Alford* plea is a plea of guilty entered with a contemporaneous protestation of innocence. *State v. Karsikas*, 11th Dist. Ashtabula No. 2014-A-0065, 2015-Ohio-2595, ¶ 18. Although a plea may be entered knowingly and intelligently, the *Alford* plea "involves a rational calculation that is significantly different from the calculation made by a defendant who admits he is guilty * * *." *State v. Padgett*, 67 Ohio app.3d 332, 338, 586 N.E.2d 1194 (2d Dist. 1990). The trial court must inquire into and seek to "resolve the conflict between the waiver of trial and the claim of innocence." *Alford*, 400 U.S. at 38, fn.10.

11

Case No. 2021-A-0021

{¶40} Before accepting an *Alford* plea, a trial court "must ascertain that notwithstanding the defendant's protestations of innocence" the defendant has made a rational calculation that the plea bargain offered is in his or her best interest by avoiding the risks of a greater punishment if a jury returns a guilty verdict. *Wasilewski*, at ¶ 23, quoting *Padgett*, at 338.

{¶41} In the context of *Alford*, the record must demonstrate the following:

(1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), syllabus.

{¶42} In addition to the above, an *Alford* plea requires a factual basis for the charges be provided to ensure that the defendant has made a rational calculation, based on the strength of the State's case, between the risk of trial and the consequences of pleading guilty. *See State v. Gil*, 11th Dist. Lake No. 2018-L-077, 2019-Ohio-839, ¶ 11; *Alford*, 400 U.S. at 38, fn.10.

{¶43} "[T]his court has accepted a brief description of the crimes committed as adequate to justify the entry of an *Alford* plea." *Gil*, at ¶ 11, citing *State v. Prinkey*, 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶ 24-25 (setting forth that a search warrant revealed evidence to substantiate recent and ongoing production of methamphetamine at defendant's property on the date and location indicated on the indictment); and *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377,

12

¶ 14 (holding there is no requirement for the State to present "specific facts going to each element of a charge where a defendant enters an *Alford* plea.").

**{¶44}** Appellant's brief extensively cites *State v. Hughes*, 4th Dist. Highland No. 20CA2, 2021-Ohio-111, which he claims supports his contention that the record did not contain a sufficient factual basis to justify the acceptance of his *Alford* plea. In *Hughes*, the trial court accepted an *Alford* plea after reviewing discovery materials and the defendant's criminal record. The Fourth District reversed because the record did not "include a presentation of the basic facts or circumstances surrounding the indictment." On appeal, the "discovery itself was not made part of the record," and the record did not contain a "bill of particulars upon which the trial court might discern the strength of the state's charges." *Id.* Therefore, the court of appeals could not "discern whether the state's discovery contained strong evidence of * * * actual guilt." *Id.*

**{¶45}** R.C. 2907.02(A)(1)(b) provides that:

(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

**{¶46}** Here, the State provided specific details of the four counts to establish a factual basis for each element of the offense. The State provided the date ranges, details of the nature of the sexual conduct that appellant engaged in with each victim, and identified each victim separately by initials. The State said that the victims were not the spouse of appellant and that each was under 10 years old at the time of the offenses. The State said that it would prove that the victims knew appellant, could identify him, and that

13

the offenses took place in Ashtabula County. The State provided strong evidence of appellant's guilt at the hearing.

{¶47} The record below also contains an amended bill of particulars the State filed which asserts the date ranges of the offense, the particular nature of the sexual conduct appellant engaged in with each victim, appellant's relationship to each victim, the age of each victim, and that the offenses took place in Ashtabula County. In *Hughes,* the reviewing court could not establish strong evidence of actual guilt from the record. *Hughes, supra,* at ¶ 12. Here, the record – in addition to the factual statement the State provided at the plea hearing – does offer strong evidence of appellant's guilt in reference to each count and to each victim. This more than satisfies the requirements for the trial court to accept and enter appellant's *Alford* plea. *See Gil*, 2019-Ohio-839, at ¶ 11.

{¶48} Accordingly, appellant's first assignment of error is without merit.

{¶49} For the foregoing reasons, the judgment of the Ashtabula Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

14

Case No. 2021-A-0021