[Cite as *State v. Gordon*, 2025-Ohio-1897.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

STEVEN MARTIN GORDON,

        Defendant-Appellant.

CASE NO. 2024-A-0078

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00257

---

## OPINION AND JUDGMENT ENTRY

Decided: May 27, 2025
Judgment: Affirmed

---

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*William C. Livingston*, Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Steven Martin Gordon, appeals the judgment of the Ashtabula County Court of Common Pleas sentencing him to consecutive prison terms of 10 years following his *Alford* pleas to two counts of Gross Sexual Imposition, third-degree felonies.

{¶2} Appellant raises two assignments of error, arguing that (1) the trial court erred in sentencing him based on uncharged conduct and incorrect information and (2) consecutive sentences totaling 10 years in prison are unsupported by the record.

{¶3} Having reviewed the record and the applicable law, we find Appellant's assignments of error are without merit. First, Appellant's sentences are not clearly and

convincingly contrary to law. The record does not establish that the trial court sentenced Appellant based on uncharged conduct involving a different alleged victim. Second, Appellant has not established that the trial court's consecutive-sentence findings are clearly and convincingly unsupported by the record.

{¶4} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} Appellant is the grandfather of A.E.H. and A.L.H., who are twins born in 2013, and their older sibling, A.W.H. Appellant had custody of the three children for approximately nine years. After the children were returned to their mother, she believed Appellant had sexually abused them. She contacted law enforcement, which investigated the matter.

{¶6} On June 6, 2024, the Ashtabula County Grand Jury indicted Appellant on eight felony counts: six counts of Rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b) (Counts 1 through 6); and two counts of Gross Sexual Imposition, third-degree felonies in violation of R.C. 2907.05(B) (Counts 7 and 8). Counts 1 through 3 alleged that Appellant engaged in sexual conduct with A.E.H. when she was less than age 13. Counts 4 through 6 alleged the same conduct in relation to A.L.H. Count 7 alleged that Appellant knowingly touched A.E.H.'s genitalia when she was less than age 12. Count 8 alleged the same conduct in relation to A.L.H. All offenses allegedly occurred on or about September 1, 2022, through October 1, 2023. Appellant was not charged with any offenses involving A.W.H. (the older sibling).

**{¶7}** On June 14, 2024, Appellant was arraigned. He pleaded not guilty and was appointed counsel.

**{¶8}** On August 15, 2024, Appellant entered into a written plea agreement in which he agreed to plead guilty by way of *North Carolina v. Alford*, 400 U.S. 25 (1971), to Counts 7 and 8, Gross Sexual Imposition, in exchange for the State's dismissal of the remaining counts. An *Alford* plea is a guilty plea entered with a contemporaneous protestation of innocence. *State v. Obhof*, 2023-Ohio-408, ¶ 39 (11th Dist.). On the same date, the trial court held a plea hearing at which it engaged in a colloquy with Appellant pursuant to Crim.R. 11. The State presented the following factual basis:

> With regard to this matter, these two counts factually would pertain to [A.W.H.], who's one of the three children living in the house of the defendant in which the defendant fondled in his private regions, but there are two other children in terms -- and those involved, a granddaughter, [A.E.H.], and her fraternal twin, [A.L.H.], in which actions of rape occurred from the defendant to these two young children. And all of these things happened in Ashtabula County in one of the townships and State of Ohio. Most of the rapes involved oral sex.

**{¶9}** The State was incorrect that Counts 7 and 8 pertained to the older sibling (A.W.H.) rather than the twins. Upon the trial court's inquiry, the State confirmed that the alleged time frame of the offenses was on or about September 1, 2022, through October 1, 2023. At defense counsel's request, the trial court repeated the alleged time frame, at which point Appellant declared, "I haven't seen the kids since May of '23." The transcript indicates that Appellant had a brief discussion with defense counsel off the record. Following that discussion, Appellant entered *Alford* pleas to Counts 7 and 8. The trial court accepted Appellant's *Alford* pleas and found him guilty. The court ordered a presentence investigation ("PSI") and set the matter for sentencing.

{¶10}  On September 17, 2024, the trial court held a sentencing hearing.  Defense counsel emphasized Appellant's lack of a criminal history and his full employment prior to the charges being filed and requested sentences of community control.  Alternatively, if the trial court determined that a prison sentence was necessary, defense counsel requested concurrent prison terms of five years or less.

{¶11}  The State emphasized Appellant's "unthinkable and []reprehensible" conduct and requested maximum penalties of five years in prison on each count to be served consecutively.  A child-victim advocate read into the record a written statement from the victims' mother.

{¶12}  The trial court stated that it had "reviewed the presentence investigation report," which the court described as an "extensive document" that provided "much information," and that it was "familiar with the facts of the offenses pled to."  The court noted that "[n]o juvenile record" was "listed" and that Appellant's "past criminal record consists of two misdemeanor convictions" from "about 30 years ago."  The trial court stated that it "considered the purposes and principles of the sentencing statutes as the overriding purposes are to punish the offenders and to protect the public from future crime" and that it "considered both recidivism and seriousness factors."  The court noted that Appellant's offenses are "serious crimes, both third degree felonies of gross sexual imposition, with a minor victim involved" and "[s]exual crimes" that "require the defendant to register as a sex offender" and that "each count included inappropriate touching done knowingly."

{¶13}  The trial court found that "community control would demean the seriousness of the conduct in this case and its impact upon the minor victim and would not adequately

protect the public. Therefore, a sentence of imprisonment is comm[en]s[u]rate with the seriousness of the defendant's conduct and a prison sentence does not place an unnecessary burden on the State." The trial court imposed prison terms of 60 months (five years) on each count to be served consecutively, for an aggregate prison term of 120 months (10 years). The trial court also made the following consecutive sentence findings:

> The Court has decided that the defendant shall serve prison terms consecutively, that's pursuant to Revised Code 2929.14 and that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences will not be disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public.
>
> The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct, two separate instances with a minor victim, sexual in nature.

{¶14} On September 18, 2024, the trial court filed its sentencing entry.

{¶15} On October 10, 2024, Appellant timely appealed and raises two assignments of error.

## Standard of Review

{¶16} Appellant's two assignments of error challenge his felony sentences. Appellate review of felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's

Case No. 2024-A-0078

standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶17} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

## Due Process

{¶18} Appellant's first assignment of error states: "The trial court erred in sentencing Appellant based on uncharged conduct and incorrect information."

{¶19} Appellant argues that the trial court erroneously sentenced him based on "uncharged conduct" and "misinformation." Specifically, during the plea hearing, the State incorrectly stated that Counts 7 and 8 pertained to the older sibling. In addition, during the sentencing hearing, the trial court referred to only one victim, stating:

> For the reasons stated previously, the Court has decided to impose the maximum sentence on these counts, as these were separate instances with a minor *victim* and the defendant knowingly touched the *victim* inappropriately per the counts pled to here in this case.

(Emphasis added.)

{¶20} Appellant contends that the trial court violated his due process rights, which rendered his sentences contrary to law. "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). "The United States Supreme Court has recognized that even a sentence within the limits of a state's sentencing laws may violate due process if the sentencing proceedings are fundamentally unfair." *State v. Arnett*, 2000-Ohio-302, ¶ 34, citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948). For instance, in *Townsend*, the Supreme Court held that the petitioner's sentence was "inconsistent with due process," because it lacked an essential requirement of "fair play," since the court sentenced the petitioner "on the basis of assumptions concerning his criminal record which were materially untrue." *Id.* at 741. The Court explained, "[I]t is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct . . . , that renders the proceedings lacking in due process." *Id.*

{¶21} Following *Townsend*, federal courts "have recognized that reviewing courts may vacate sentences as violative of due process when the sentencing judge's comments reveal that the court imposed or enhanced the offender's sentence because of improper considerations," such as "the offender's race or national origin," "false or unreliable information," or "parochialism." *Arnett* at ¶ 37. The Supreme Court of Ohio recognized and applied this principle in *Arnett*. *See id.* at ¶ 33-37.

{¶22} Upon review, we find no violation of Appellant's due process rights. The record does not establish that the trial court sentenced Appellant based on uncharged conduct involving the older sibling.

{¶23} There is no dispute that during the plea hearing on August 15, 2024, the State incorrectly stated that Counts 7 and 8 pertained to the older sibling. For some reason, defense counsel did not object. However, Appellant was sentenced over a month later on September 17, 2024. Prior to the sentencing hearing, the probation department submitted a PSI to the trial court containing specific details regarding Appellant's conduct involving the twins. During the sentencing hearing, the State repeatedly used the terms "victims" and "children." The written statement from the victim's mother that was read into the record also repeatedly used the term "children."

{¶24} Although the trial court used the term "victim" in its statement quoted above, it was not necessarily incorrect. The trial court described Appellant's conduct as involving "separate instances with a minor victim" in which Appellant "knowingly touched the victim inappropriately." This statement is literally true—Appellant pleaded guilty to two counts of Gross Sexual Imposition, and those individual counts involved Appellant knowingly touching a minor victim. While the trial court did not identify the victims by name during the sentencing hearing, there is no compelling basis upon which to conclude that the court was referring to the older sibling.

{¶25} In sum, Appellant's sentences are not clearly and convincingly contrary to law. Accordingly, Appellant's first assignment of error is without merit.

Case No. 2024-A-0078

**Consecutive Sentences**

{¶26} Appellant's second assignment of error states: "The trial court erred in imposing consecutive sentences."

{¶27} "Ohio law presumes that a defendant convicted of multiple crimes will serve his sentences concurrently." *State v. Glover*, 2024-Ohio-5195, ¶ 38; R.C. 2929.41(A). "A court may impose consecutive sentences only when some law specifically permits it to do so," and "R.C. 2929.14(C)(4) is one such law." *Glover* at ¶ 38.

> Under R.C. 2929.14(C), a court must engage in a three-step analysis before it may impose consecutive sentences. First, it must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." *Id*. Second, the court must find that 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the court must find "any of the following":
>
> > (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> >
> > (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> >
> > (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Glover* at ¶ 38, quoting R.C. 2929.14(C)(4).

{¶28} Here, the trial court found subsection (b) to be applicable.

{¶29} Appellant contends that consecutive sentences of 10 years in prison are unsupported by the record because (1) his sentences "were for two counts of gross sexual

Case No. 2024-A-0078

imposition against A.W.H." for "fondling [A.W.H.'s] private region"; (2) he "entered into an *Alford* plea due to the risks of trial and disputed the charges"; and (3) his obligation "to register as a Tier II sex offender for likely the remainder of his life . . . reduces any perceived risk that he poses to the public."

{¶30}    Appellant has not articulated a valid challenge to his consecutive sentences. As stated above, we reject Appellant's assertion that he was sentenced for conduct involving the older sibling.   In addition, R.C. 2953.08(G)(2)(a) "does not permit an appellate court to simply substitute its view of an appropriate *sentence* for that of the trial court." (Emphasis added.)   *Glover*, 2024-Ohio-5195, at ¶ 44.   Instead, "[a]n appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) *findings*." (Emphasis added.) *Id.*   The appellate court "may modify or vacate the sentence only if it 'clearly and convincingly' finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings." *Id.* at ¶ 45, quoting R.C. 2953.08(G)(2)(a).   Appellant's argument is directed to the appropriateness of consecutive sentences rather than to the trial court's consecutive-sentence findings and their support in the record.

{¶31}    Appellant's third assertion—that his obligation "to register as a Tier II sex offender . . . reduces any *perceived risk that he poses to the public*"—may be directed toward the trial court's second finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to *the danger the offender poses to the public*." (Emphasis added.) R.C. 2929.14(C).   This finding is known as the "proportionality finding." *Glover* at ¶ 52.   The Supreme Court of Ohio has explained that "[t]he proportionality requirement is phrased in the negative; R.C. 2929.14(C) does not require that the trial court find that consecutive sentences are proportionate to the

seriousness of the defendant's conduct and the danger he poses to the public before it may impose consecutive sentences. Instead, it requires that the trial court find that consecutive sentences 'are not disproportionate' to the defendant's conduct and the danger he poses." *Id.* quoting R.C. 2929.14(C). Appellant does not contend that his consecutive sentences are disproportionate, much less explain how the record does not support the trial court's finding that they "are not disproportionate." R.C. 2929.14(C).

{¶32} In sum, Appellant has not established that the trial court's consecutive-sentence findings are clearly and convincingly unsupported by the record. Accordingly, Appellant's second assignment of error is without merit.

{¶33} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


ROBERT J. PATTON, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-A-0078

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-A-0078